## CITY OF OKLAHOMA CITY v. STEWART et al.

No. 8736—Opinion Filed Oct. 21, 1919.

(Syllabus by the Court.)

1. **Pleading—Motion to Make Definite—Discretion of Court.**

A motion to make more definite and certain is addressed largely to the discretion of the court; and the ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party.

2. **Municipal Corporations—Sewers—Diversion of Waters.**

It is an actionable wrong for a municipal corporation to negligently construct or to maintain a sewer, whereby the surface waters are diverted from their natural course and the surface and sewer waters permitted to collect in a body and be discharged on and across the property of a private individual to his detriment.

3. **Appeal and Error—Rulings on Evidence —Harmless Error.**

This court will not reverse a case for the reason the trial court admitted incompetent evidence, or rejected competent evidence, unless it appears that the same has prejudiced the rights of the parties, thereto.

**4. Waters and Water Courses—Diversion of Water—Measure of Damages.**

In an action against the city for constructing a sewer, alleging that it has caused the water to flow from its natural course, and has failed to make and provision for taking care of said surface and sewerage waters, but permitted the same to flow down and across the premises of the plaintiffs, thereby injuring plantiffs' buildings by breaking the walls, and depositing large amounts of sand and debris on plaintiffs' lots, it was not error to instruct the jury that the measure of the damage was the cost to repair said building, and the difference in the value of the lots immediately before and immediately after the injury was sustained, if any, by reason of the deposit of sand and so forth upon said lots.

**5. Trial — Verdict—Impeachment of—Competency of Jurors.**

Testimony of jurors will not be received for the purpose of impeaching the verdict, which they have solemnly made and publicly returned into court.

**6. Same—Evidence—Sufficiency.**

Evidence examined and held insufficient to show that the verdict of the jury was a quotient verdict.

Error from District Court Oklahoma County; John W. Hayson, Judge.

Action by J. B. Stewart and another against the City of Oklahoma City. From judgment for plaintiffs, the defendant brings error. Affirmed.

B. D. Shear, A. T. Boys, and W. M. Howenstein, for plaintiff in error.

D. K. Pope, for defendants in error.

McNEILL, J. This controversy arose by J. B. and Ora Stewart filing an action for damages against Oklahoma City, alleging in their petition that they were owners of certain lots, and that the city had constructed a storm sewer, which drained a large area of the city, and carried large quantities of water from its natural course, and emptied the same into Sixth and Everett streets, and across to Fifth street, and alleging that the city failed to make any provision for the disposition of the water coming from said sewer, but permitted the same to drain down and across plaintiffs' property, and it damaged the walls of the plaintiffs' buildings, and deposited large quantities of sand and debris on the lots of the plaintiffs, thereby damaging the plaintiffs in the sum of two thousand ($2,000) dollars. The defendant filed a general denial. On the trial of the case the jury returned a verdict for seven hundred thirty ($730.00) dollars and judgment was rendered for said amount, and from said judgment the city has appealed.

For convenience the parties will be referred to, the city as defendant and the Stewarts as plaintiffs, the same position they occupied in the trial court.

The first assignment of error is that the trial court erred in overruling the motion of defendant to require the plaintiffs to make their petition more definite and certain. While the defendant has set out the motion, and argued the same in its brief, it has cited no authority to support any contention made therein, nor pointed out wherein it has been prejudiced thereby. This court in the case of City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136, held as follows:

"A motion to make more definite and certain is addressed largely to the discretion of the court; and the ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party."

From an examination of the motion we do not think the court abused its discretion, nor has the defendant disclosed in what way it was prejudiced by the ruling thereon.

The second assignment of error is that the court erred in overruling the demurrer of defendant to plaintiffs' petition. This is argued upon the theory that the mayor and city counsel are simply the agents of the state exercising a governmental function and therefore not liable for the wrongful or negligent construction of a sewer. This court in the case of City of Chickasha v. Looney, supra, laid down the following rule:

"It is actionable wrong for a municipal corporation to negligently construct or maintain a sewer whereby surface waters are diverted and by artificial means collected in a body and discharged on growing crops of a private individual to his detriment."

The same rule is adopted in the case of City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867, upon the question of what is a governmental function; see, also, Oklahoma City v. Vetter, 72 Oklahoma, 179 Pac. 473, and Oklahoma City v. Hoke, 75 Oklahoma, 182 Pac. 692.

The third and fourth assignments of error are that the court erred in admitting irrelevant and incompetent evidence on behalf of the plaintiffs and refused to permit competent and material evidence to be introduced that was offered by the defendant. No authorities are cited to support this contention, nor does the plaintiff in error set out in what way it has been prejudiced by reason of said ruling of the court. From an examination of the record we are satisfied that the court committed no error in per-

mitting the evidence to be introduced, nor refusing the evidence offered by the defendant.

The fifth assignment of error is that the court erred in giving instructions five to fifteen. The attorneys for plaintiff in error have set out all of these instructions in their brief and argued some of the questions, but have cited no authority upholding their theory, except as to the giving of instruction fifteen. This instruction refers to the measure of damages the plaintiffs would be entitled to recover. This instruction is as follows:

"In determining what damages, if any, the plaintiffs have sustained to the store building, the damages would be the difference between the value of the store building at the time the injuries were sustained, and the value of the same after the injuries were sustained. That is, the amount in money that it would take to repair the damages caused by the defendant, if any. And in determining the damages, if any, the plaintiffs have sustained to their real estate, the damages would be the difference between the value of said real estate—that is, the lots—at the time the injuries to said lots were sustained, if any, and the less value of such real estate immediately after such damages were sustained, if any, by reason of the deposit of sand and so forth upon said real estate."

It is the contention of the plaintiff in error that the true measure of damage to real property is the difference between the market value immediately before and immediately after the injury complained of. This is true, but this rule is subject to certain exceptions, as was stated in the case of Armstrong v. May et al., 55 Okla. 539, 155 Pac. 238, where the court stated as follows:

"The true measure of damages for injury to real estate is the difference in the market value of the same before and after the injury complained of; but this rule is subject to the exception that if that destroyed, although a part of the realty, has a value which can be ascertained without reference to the soil out of which it grows or on which it stands, a recovery may be had for the value of the articles destroyed."

The plaintiffs in the case at bar were only permitted to recover under the instructions, first, what it would cost to repair the building; second, the damage to the lots, which was the difference in market value immediately before and immediately after the injury, said damage being caused by the sand and debris being deposited on said lots by the water flowing over their land. This instruction would permit the plaintiffs to recover only the actual damages suffered. Therefore, we are unable to see how plaintiff in error could be prejudiced thereby, and there was no error in giving said instruction.

The plaintiff in error next complains for the reason that the verdict was a quotient verdict and should be set aside. Evidence was introduced before the trial court, and upon this question the trial court, after permitting jurors to testify, which evidence was incompetent under the rule adopted by this court in the case of Egan v. First National Bank of Tulsa, 67 Oklahoma, 169 Pac. 621, and Baumle v. Verde, 50 Okla. 609. 150 Pac. 876, and after the court considered the incompetent testimony, the court found it insufficient to impeach the verdict. By eliminating the incompetent evidence, there would only be a suspicion left that the verdict was a quotient verdict, and that would be insufficient to set aside the finding of the trial court. There being no material error in the record, the judgment of the trial court will be affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.