## CITY OF SAYRE v. RICE.

No. 18343. Opinion Filed July 31, 1928.

(Syllabus.)

1. **Limitation of Actions—Action Against City for Damage from Negligent Operation of Sewage Disposal Plant.**

Where an action is brought against a municipal corporation for damages suffered by reason of offensive odors and disease caused by the negligent maintenance of a sewer of a sewer system, and such negligent acts are alleged to have occurred within two years next preceding the filing of the action, a plea of the statute of limitations will not bar a recovery though it appears from the petition that the sewer system was constructed more than two years prior to the commencement of the action.

2. **Municipal Corporations — Negligent Maintenance of Sewer System—Elements of Damage.**

In an action against a municipal corporation for the negligent maintenance of a sewer system thus causing a nuisance in the near vicinity of plaintiff's home, discomfort, annoyance, and personal inconvenience caused by the offensive orders and sickness caused by disease germs from said nuisance are proper items of damage.

**3. Same—Discretion of Court to Require Separate Statement of Items of Damage for Discomfort and Illness Caused by Negligent Maintenance of Sewer System.**

Where plaintiff sues for damages for discomfort, annoyances, and illness to herself and family alleged to have been caused by the negligent maintenance of a municipal sewer system, and asks for damages in the aggregate, the overruling of a motion to require plaintiff to specifically allege the different items constituting the total damage is not an abuse of judicial discretion.

**4. Same—Action for Damages for Sickness Caused by Maintenance of Nuisance— Necessity for Showing Causal Connection Between Injury and Nuisance to Support Instruction.**

In an action for damages by reason of the negligent maintenance of a nuisance, one of the items of damage being sickness suffered by plaintiff and her family during two or three successive summers while the nuisance existed, a mere showing that the defendant caused its sewage to be discharged upon the ground between two and three hundred yards of plaintiff's home, and that plaintiff and her family suffered from fevers during two or three successive summers is not a sufficient showing that the illness was the proximate result of the nuisance, and in the absence of some connecting evidence it was error to submit the question of illness to the jury as an item of damage.

Commissioners' Opinion, Division No. 2.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by Gertrude Rice against the City of Sayre for damages by reason of the negligent maintenance of its sewer system. Judgment for plaintiff, and defendant appeals. Reversed.

E. F. Cornels, for plaintiff in error.

D. W. Tracy, for defendant in error.

JEFFREY, C. This action was commenced by Gertrude Rice, as plaintiff, against the city of Sayre, as defendant, in the district court of Beckham county for damages occasioned by the negligent operation of a sanitary sewer system which had its outlet in the vicinity of plaintiff's home. Defendant filed a demurrer to plaintiff's original petition which was overruled and defendant answered by general denial to the allegations of negligence and injuries. When the cause was set down for trial defendant filed a motion for a continuance wherein it was stated that the principal annoyance caused plaintiff by noxious odors came from a dumping ground maintained by the city in that vicinity, and that this fact could not be proven except by an absent witness, whose testimony was desired to be obtained. Thereafter plaintiff filed an amended petition, by permission of the court, wherein she set up three separate causes of action. The first cause of action alleged that the city of Sayre originally established its sewer system to empty into the north fork of Red river below said city, but that sometime about the early part of 1923, the main line of said sewer became broken and that the sewage was discharged out upon the bottom lands of said river in the near vicinity of plaintiff's land and home, and was negligently permitted to lie upon the grounds and create a noxious and noisome odor and breed disease germs causing sickness in plaintiff's family, and by reason thereof plaintiff was unable to retain tenants upon her land and was deprived of rents in the sum of $826 for the years 1923-24-25, and for damages by reason of the discomfort, annoyance, and sickness caused her and her family at their home, and asked for damages in the total sum of $2,325. The second cause of action adopted all the allegations of the first cause of action and further alleged the negligent maintenance of the dumping ground as stated in defendant's motion for a continuance, the discomfort and annoyance caused plaintiff and her family by said dumping ground together with the sewer. The third cause of action was to a large extent a repetition of the first, which alleged that the condition of the sewer had been called to the attention of the city officials on numerous occasions, but that they negligently refused to remedy the same; that she presented a bill or claim to said city and that it failed and refused to pay her damages. After the filing of the amended petition plaintiff filed a supplemental petition alleging that the conditions which existed when her original and amended petitions were filed continued to exist during the year 1926, and asked for loss of rents for that year in the sum of $250, and for discomfort and annoyance by reason of the disagreeable odors and disease germs which affected the health of her family, in the sum of $750. The cause was tried to a jury and a verdict returned in favor of plaintiff in the sum of $2,000. In response to special interrogatories propounded, the jury awarded no damages by reason of loss of rents for 1923. the sum of $175 for 1924, and the sum of $205 for the year 1925.

The first assignment of error here pre-

sented is that the court erred in overruling defendant's demurrer to plaintiff's original and amended petitions. It is first contended under this assignment of error that the original petition failed to state a cause of action, and the demurrer thereto should have been sustained, under authority of City of Mangum v. Sun Set Field, 73 Okla. 11, 174 Pac. 501. We observe some distinction between the original petition in this case, and that in the case cited; but it is unnecessary to discuss this particular question for the reason that the cause was tried upon the amended petition and the supplement thereto. Defendant contends that the amended petition was also defective to the extent that it showed a permanent injury to the land. According to the petition the sewer system had been installed prior to 1923. In fact it appears from the record that it was installed in 1909. The original action was filed in November, 1925, and asked for damages for 1923-24-25. Defendant contends that, it being a permanent injury, the cause of action arose at the time the sewer system was established, and that the same was barred by the statute of limitation prior to the commencement of the action. With this contention we cannot agree. It is well settled that a nuisance created and maintained by negligent acts, if the same is abatable by an expenditure of either labor or money, and such abatement is consistent with the rightful use and maintenance of the structure by the use of which the nuisance is created and maintained, is merely a temporary injury and successive actions may be maintained for successive injuries. City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867; Pahlka v. Chicago, R. I. & P. R. Co., 62 Okla. 223, 161 Pac. 544. The petition in the instant case alleged that the main line of sewer in the vicinity of plaintiff's home became broken and discharged the sewage upon the bottom lands instead of into the water; that this created an unhealthful and annoying condition; that the same was called to the attention of the city officials, but that the city officials negligently permitted the condition to exist over the period of time covered by the suit. Under the amended petition the allegations showed that the nuisance complained about resulted from the negligence of the defendant in failing to repair its sewer line, and in permitting the sewage to be discharged upon the ground, all of which was abatable by the expenditure of money and labor consistent with the rightful and proper use and maintenance of the

sewer system. No permanent injury to the land was pleaded, and no permanent or prospective future damage was asked. The injury was not a permanent one, and the cause of action was not barred by the statute of limitations, since the statute begins to run only from the time each successive injury occurs. City of Lawton v. Schwartz, 128 Okla. 42, 261 Pac. 140; City of Lawton v. Johnstone, 92 Okla. 280, 219 Pac. 414; City of Lawton v. Wilson, 127 Okla. 40, 259 Pac. 650.

Defendant again relies on City of Mangum v. Sun Set Field, supra. It was specifically pointed out in that case that the injuries complained of were not alleged to have been the result of negligent construction or operation of the sewer system. In that case the construction of the sewer system and the discharge of the sewage into the stream was alleged to have caused the injury, and it was held that the injury was a permanent one, and that the cause of action arose when the sewer system was constructed, and the water polluted.

Defendant demurred specially to that portion of plaintiff's first cause of action which asks a recovery of all sums in addition to the rentals alleged to have been lost by reason of said nuisance. It is contended that the allegations of the amended petition are not sufficient to entitle plaintiff to judgment for any other sums than the rentals alleged to have been lost. The amended petition alleges that by reason of the defective sewer pipe and the discharge of sewage upon the open ground, the same has become a nuisance; that much of the time the stench from said sewage is so powerful and overpowering as to render living at plaintiff's home almost unbearable, and during the hottest months of the year it became necessary to close all windows and doors in the south of her building to try to keep out said offensive odors from said sewer outlet. It is further alleged that by reason of the noxious odors and the disease germs discharged in the near vicinity of plaintiff's home by said sewer, plaintiff and her family suffered from typhoid fever and other diseases as a direct and proximate result of said condition. In such cases discomfort, annoyance, and personal inconvenience caused by such noisome odors are proper items of damage. Ponca City Refining Co. v. Smith, 73 Okla. 6, 174 Pac. 268; City of Cushing v. High, 73 Okla. 151, 175 Pac. 229. But it is said that, in the absence of a claim for damages by reason of loss of

time or medical bills expended, the allegation of sickness is insufficient to withstand the demurrer. Certainly, if discomfort and annoyance from offensive odors is a proper element of damage, then, when such discomfort and annoyance is aggravated so as to impair one's health or produce acute illness, that also would be a proper item of damages.

Defendant also specially demurred to the petition on the ground of a misjoinder of causes of action. The second cause of action adopts the allegations of the first cause of action as a part of the second, and further alleges that the city of Sayre maintains a public dumping ground in the near vicinity of plaintiff's home which contributes to the nuisance aforesaid by reason of the offensive odor and disease germs therefrom. Defendant contends that the cause of action pertaining to the defective sewer and the one pertaining to the dumping ground are such as cannot be properly joined, and that the demurrer was good on this ground. No authority is cited in support of this contention, and we are unable to see any merit in it. No additional damages are claimed by reason of either of the nuisances but the same amount is claimed by reason of both conditions. Under section 266, C. O. S. 1921, several causes of action which arise out of injuries to person and property or either may be united in the same petition.

Defendant, before answering to the merits, filed a motion to require plaintiff to make her petition more definite and certain by stating the nature of the damage and the items comprising the alleged loss over and above the amount of rentals claimed to have been lost. This motion was overruled, and the court's ruling is assigned as error. It is apparent from the reading of the petition that plaintiff bases this claim for damage on the discomfort, annoyance, personal inconvenience, and illness caused by the noxious odors and disease germs from the sewage which was permitted to be discharged upon the ground in the near vicinity of plaintiff's home. It would be manifestly unjust to require plaintiff to itemize this phase of damage claimed. It is an item within itself. Counsel for defendant says that merely alleging sickness and discomfort and claiming a lump sum for such alleged damage was not sufficient when challenged by a motion to make more definite and certain. It is further asserted that if plaintiff was entitled to recover any damages for sickness either to herself or family, then the measure of damages or at least a portion

thereof would have been compensation for time lost, hospital or physician's bills, nurse's hire and such like. We know of no rule whereby a party can be compelled to ask for every item of damage which apparently would arise under a particular state of facts. Plaintiff did not ask for compensation for time lost, for medical bills, physician's bills, hospital bills or any other item of expenditure. She merely asked to be compensated for the discomfort, annoyance, suffering, and personal inconvenience caused her by the nuisance. This in itself is a proper item of damage, and we know of no rule which would require that the same be itemized more specifically. No authority is cited in support of defendant's contention, and we are of the opinion that there is no basis either in law or equity in such claim. Ordinarily where the claim is unliquidated and sounds in damages, it is unnecessary to allege specifically the different items which compose the total amount claimed, but an allegation of the aggregate amount of damages is sufficient. Muskogee Electric Traction Co. v. Fore, 77 Okla. 234, 188 Pac. 327.

Defendant's third assignment of error is that the court admitted incompetent, irrelevant and prejudicial evidence on behalf of the plaintiff, over the objections of the defendant. The fourth assignment of error, in part, goes to the same question on the ground that the court erred in its statement of the issues in the case. The fifth assignment bears upon the same question, and is based upon an alleged erroneous instruction. The sixth assignment is that the court erred in refusing to give a certain requested instruction, which will be set out hereinafter. These assignments, in so far as they are related, may be discussed together, and a proper disposition of the sixth assignment will dispose of all others in so far as they bear upon the same question. Plaintiff alleged by her petition and amended petition that she and her family suffered sickness as a proximate result of the alleged nuisance created by the sewer and the dumping ground. Upon the trial of the cause, plaintiff undertook to testify, as a witness, that she and her family were sick from fevers during each summer for three or four summers. This was objected to, and after answers were given the court sustained the objection and instructed the jury not to consider the evidence relative to sickness. Thereafter plaintiff gave other testimony pertaining to the illness of herself and family. Plaintiff's daughter was offered as a

witness, and she was asked concerning the sickness in the family. This again was objected to on the ground that no connection had been shown between the nuisance and the sickness. The court overruled the objection, but stated in substance that testimony would have to be supplied showing some connection between the nuisance and the sickness. Plaintiff's daughter testified that she had typhoid fever two summers during the period covered by the suit. Plaintiff's evidence merely showed that the city sewer discharged the sewage upon the ground about two or three hundred yards from her home, where the same was not carried off during dry weather by the water; and that certain sickness, including typhoid fever, occurred in the home. There was no evidence reasonably tending to show that the nuisance caused any of the sickness or fever. No evidence was even offered that the sickness would not likely have resulted from other causes; and that the discharge of sewage contained such disease germs as would create the disease complained about. There was no opinion given by expert witnesses that such condition would likely result in typhoid or other fevers; and, in so far as the record discloses, one would have to rely solely on conjecture as to what produced the fevers testified about. In instructing the jury, the court submitted the question of sickness to the jury as a proper element of damage. These instructions were excepted to, and requested instruction was submitted as follows:

"Some evidence was introduced by the plaintiff in this cause showing that she or some member of her family have been sick and you are instructed not to consider such evidence in arriving at a verdict in this cause for the reason that it has not been sufficiently shown or established that such sickness, if any, was the result of defendant's acts and it has not been shown that the operation of a sewer by defendant was the direct and proximate cause of the plaintiff or her family's sickness. Refused. Deft. excepts.

"T. P. Clay, Judge."

This instruction was refused, and the refusal thereof was assigned as error.

The very nature of diseases and their causes renders difficult accurate proof of the cause in practically all cases. It is difficult for anyone, including physicians technically trained in such matters, to determine that a disease such as typhoid fever was caused by a certain condition. However, physicians could investigate a given

case and give their opinion as to the source of the disease germ, which evidence is competent and in many cases most enlightening. Here we have merely a nuisance and disease without any information as to whether one has any relation to the other. There is no evidence that there were even house flies in the vicinity of the discharged sewage of plaintiff's home.

In the case of City of Duncan v. Tidwell, 48 Okla. 382, 150 Pac. 112, an action was brought for damages against the city of Duncan because of a nuisance created by a dumping ground in which there were placed dead animals, human excrement, and other garbage. The only item of damage established by the evidence was that certain members of plaintiff's family suffered from typhoid fever. The evidence showed that the dumping ground was about 650 yards from plaintiff's residence; that the dumping ground was infested with house flies; and that plaintiff and his family were seriously annoyed by the stench from said dumping ground. No evidence, expert or otherwise, was offered tending to show that the typhoid germs were communicated from the dumping ground. It was there held, in the absence of such connecting proof, that it could not be inferred that members of plaintiff's family contracted said disease from said dumping ground. Attention is there called to the fact that such conditions are susceptible of some proof reasonably tending to establish that the disease complained of is or is not the proximate result of the unhealthful condition alleged to exist. Without the aid of some proof as to the causal relation between the nuisance and the injury, a jury would be licensed to enter the field of conjecture, which, in many instances, would result in unjust and untold injury to the parties litigant. It cannot be ascertained from the record whether the amount of the verdict, in excess of the rentals allowed under the special interrogatories, was because of the noxious odors to plaintiff and her family or because of the typhoid and other fevers about which testimony was given. The item of sickness having been submitted to the jury as a proper item of damages, it is reasonable to suppose that some compensation, and possibly the greater part thereof, was allowed by reason of such sickness. Under the record, this item should have been excluded, and it was error to refuse the requested instruction.

As heretofore stated, one cause of action was based upon a municipal dumping ground

supposed to have existed in the vicinity of plaintiff's home. In the trial of the cause no evidence whatever was offered tending to show that there even existed a dumping ground, and yet this question was submitted to the jury as an issue in the case. As to whether this question was considered by the jury, we are somewhat doubtful, but since the cause must be retried we think it proper to merely say that only such issues as are supported by some evidence should be submitted to the jury.

We are of the opinion that the defendant did not receive a fair trial by reason of the matters above pointed out. The cause is therefore reversed and remanded for a new trial not inconsistent with the views herein expressed.

BENNETT, HERR, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 43 C. J. p. 1213, §1986; anno. 61 L. R. A. 711; 9 R. C. L. p. 694. (2) 43 C. J. p. 1130, §1891. (3) 31 Cyc. p. 571. (4) 43 C. J. p. 1156, §1914; anno. 61 L. R. A. 713; 9 R. C. L. 692.