CITY OF MANGUM v. GARRETT.

No. 31372. April 27, 1948.

*192 P. 2d 998.*

Hollis Arnett, City Atty., of Mangum, for plaintiff in error.

W. T. Jeter, of Mangum, for defendant in error.

LUTTRELL, J. This is an action brought by R. L. Garrett against the city of Mangum for damages to his merchandise caused by a break in a sanitary sewer, whereby the water and refuse from said sewer flooded the basement in the building occupied by him under lease from the owner thereof in his business as a retail grocer. The cause was tried to a jury, which returned a verdict for plaintiff. From a judgment on the verdict, defendant appeals.

Plaintiff's petition alleged the construction of the sewer by the defendant city; the connection thereto of a private sewer from the basement of the building occupied by him as a tenant to the main line of the city sewer, under the direction and supervision of the city, and that the city negligently permitted the main line of the sewer to decay and break and fall in so that it became clogged and stopped up and did not function, and that as a result thereof a large quantity of sewer disposal material backed up into the basement of the building occupied by him, damaging goods, wares and merchandise owned by him, and stored in said basement. By a second cause of action he prayed for damages occasioned by the expense of washing and cleaning the basement and fumigating same.

Defendant, in its answer, admitted that it owned and operated the sanitary sewer, alleged that the private sewer running from the basement occupied by plaintiff to its main sewer was connected thereto without its knowledge or consent, and that, although such connection was made more than 30 years ago, said connection and sewer were defective in certain respects, and alleged contributory negligence on the part of plaintiff in storing his goods in the basement of said building with knowledge that the private sewer contained no backwater trap as required by the city ordinances. In addition to these defenses it denied generally all the allegations of the defendant's petition. Plaintiff's reply was a general denial.

Defendant's main contention is that the evidence taken at the trial is wholly insufficient to sustain the verdict. However, because of the condition of the record this question may not be raised by defendant in this court.

The record shows that at the conclusion of plaintiff's evidence defendant demurred thereto, which demurrer was overruled by the court, and defendant thereupon put on its evidence and plaintiff offered rebuttal evidence. Thereupon both sides announced that they rested, and defendant renewed its demurrer to the evidence and moved the court for a directed verdict. The trial court did not pass upon the de-

murrer as renewed, or the motion for a directed verdict, but recessed until the following day, March 14, 1942. The record shows that on March 14th defendant obtained permission to reopen the case and introduce further testimony, at which time it introduced the testimony of several witnesses, this testimony with the exhibits offered, comprising some 40 pages of the record. Thereupon defendant rested its case, counsel for plaintiff announced that he also rested his case, and the cause was submitted to a jury without any renewal of its demurrer or motion for a directed verdict by the city, and without any action being taken thereon by the trial court.

We have many times held that in the absence of a demurrer to the evidence or motion for instructed verdict at the close of all the evidence, the sufficiency or insufficiency of the evidence to sustain the verdict is not presented to this court on appeal. Hinshaw v. Brannon, 163 Okla. 225, 22 P. 2d 74; Saunders v. McKee, 177 Okla. 357, 58 P. 2d 1234; 12 O.S.A. §952, note 197.

Defendant recognizes the force of the rule above announced, but asserts that under the holding in Abraham v. Gelwick, 123 Okla. 248, 253 P. 84, the renewal of its demurrer was unnecessary where plaintiff thereafter did not introduce any further evidence. In that case we said that where defendant demurred to plaintiff's evidence when plaintiff had rested, it would be useless to require defendant to renew a demurrer and again request an instructed verdict at the close of all the evidence provided the plaintiff introduced no further evidence, but that in that case plaintiff did introduce rebuttal evidence, and defendant thereafter failed to renew his demurrer or motion. The statement in that case, which is dictum, does not aid the defendant in the instant case. This for the reason that defendant did not require the court to rule upon his last demurrer to the evidence or motion for an instructed verdict, and the same was never acted upon

by the court. In such case the demurrer and motion for instructed verdict are deemed to be waived.

In Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408, a somewhat similar situation existed. In that case defendant moved to reopen the case for the purpose of introducing in evidence former petitions filed by the plaintiff, but the court adjourned without passing upon said motion, and when court was reopened the following morning nothing further was said about reopening the case, and the motion was not then presented to or acted upon by the trial court. We held that in such case the motion to reopen was abandoned by the defendant, and that it had waived its right to have the same acted upon, and that in the absence of an affirmative showing that the same was acted upon adversely to the defendant, and exceptions thereto taken at the time, the assignment of error could not be considered.

Defendant contends that it also raised the question of the sufficiency of the evidence by its requested instruction No. 5, which was a peremptory instruction for defendant, but the exception to such instruction is not signed by the trial judge and there is nothing in the record to show that said instruction was submitted to and refused by him.

In Local Federal Savings & Loan Association of Oklahoma City v. Sickles, 196 Okla. 395, 165 P. 2d 328, we held that to have instructions reviewed upon appeal it was necessary to except thereto and have the exception signed by the trial judge, citing numerous authorities in support of this statement. Obviously, we may not review the sufficiency of the evidence where no proper exception to the instruction was taken.

Defendant also alleges error on the part of the trial court in the giving of instructions and in the refusal of the trial court to give its requested instructions. We have examined the instructions given by the court, and in-

structions requested by the defendant, and are of the opinion that the court fairly instructed the jury on the issues involved, and did not err in refusing to give instructions requested by defendant.

We have repeatedly held that the maintenance of city sewers is a corporate or proprietary function of the city as distinguished from a governmental function, and that the city is civilly liable for its failure to maintain sewers. Spaur v. City of Pawhuska, 172 Okla. 285, 43 P. 2d 408; Oklahoma City v. Stewart, 76 Okla. 211, 184 P. 779; City of Sayre v. Rice, 132 Okla. 95, 269 P. 361.

Plaintiff's petition sufficiently stated a cause of action against the city for failure to maintain and repair its sewer, and the trial court correctly advised the jury as to the city's liability in such case. Since we may not consider the sufficiency of the evidence to sustain the verdict for the reasons hereinbefore stated, the judgment must be sustained.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.