The CITY OF HOLDENVILLE, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

Paul MOORE and Jewel Moore, Defendants in Error.

No. 36906.

Supreme Court of Oklahoma.

Jan. 31, 1956.

C. H. Baskin, Holdenville, for plaintiff in error.

Hugh M. Sandlin, J. C. Daugherty, Holdenville, for defendants in error.

HUNT, Justice.

This is an action by Paul Moore and Jewel Moore, his wife, to recover property damage against the City of Holdenville, Oklahoma, defendant, alleged to have been sustained by reason of sewage from defendant's main sewer line backing up into their basement through laterals connected with the main sewer lines and overflowing their basement in which was kept and located carpets, and other household supplies, causing damage thereto and to the floor and walls of the basement.

Plaintiffs in their petition, in substance, allege: that on the 19th day of July, 1953, plaintiffs, who at the time had personal property consisting of all manner of household goods and a good, well cleaned and ordered basement on the property above described, and while maintaining and enjoying said condition the defendant having for a period of time, the exact time being unknown, but for a period of some time permitted the sewer lines which ran by plaintiffs' home and into which plaintiffs' sewer empties, to become clogged in bad condition with roots, and the City had permitted others using it to use material which slowed and clogged the sewer line, causing it on this date to back up into the home and basement of the plaintiffs, destroying and damaging personal property in the sum of $500, and damaging the walls and floors of the basement in the sum of

$500, for all of which the plaintiffs have heretofore filed a claim against the City, and defendant has refused to pay the same, a copy of said claim is hereto attached, marked Exhibit "A" and made a part hereof.

Defendant, in its answer, after generally and specially denying the allegations contained in plaintiffs' petition further alleged they were guilty of contributory negligence which contributed to the damage, if any, they sustained by reason of violation of Sections 478 and 479, Chapter 12 of Revised Ordinances of the City of Holdenville, which provide:

"Section 478. It shall be unlawful to allow any surface water to overflow from any cistern, reservoir or receptacle to be connected with any main or lateral sewer, or allow any fruit or vegetable peelings, oil, dirt, garbage, hair, ashes, refuse, rags, cinders or any other matter or thing whatsoever except faeces, urine, the necessary toilet paper and liquid slops to be deposited in any receptacle or depository connected with any sewer."

"Section 479. It shall be unlawful and an offense for any person, to make a connection of any kind to the City's sanitary or storm sewerage system or to commit any act which by the provisions of this chapter is prohibited or fail or refuse to perform any act which by the provisions of this chapter is commanded. Where such violations continue for more than one day, then each day in which violation takes place shall be a separate offense. Upon conviction of any offense as defined in this section, the defendant shall be punished with a fine in any amount not exceeding twenty ($20.00) dollars, including the costs."

The trial was to a jury resulting in a verdict in favor of plaintiffs and after defendant's motion for new trial was overruled by the court judgment was entered on the verdict in favor of plaintiffs accordingly.

Defendant appeals and, among other things, asserts that the verdict is not sustained by the evidence and that the trial court erred in overruling its demurrer to plaintiffs' evidence and motion for directed verdict. We think the evidence was sufficient to take the case to the jury on the question as to whether defendant was guilty of negligence.

Mr. Moore, in substance, testified he and his wife are the owners of the property involved which is located at 321 East Main Street, Holdenville, Oklahoma. The property was jointly acquired by them in 1943. An eight room house is constructed thereon. Some of the rooms are rented to tenants. The house has a full size basement in which there is an apartment, which they rent. The basement is equipped with bedroom furniture, carpets, rugs and other household goods. There is a bathroom constructed therein and stool and lavatory. The basement was dry and clean. There is a drain in the basement which leads to defendant's main sanitary sewer line. It was there when they purchased the premises. A heavy rain occurred in July of 1953, and defendant's main sewer line was clogged by large roots and other substances and sewage from defendant's main sewer line backed up through the laterals connected therewith over the stool and lavatory, flooding their basement and damaging the property therein kept, and also damaging the floor and walls of the basement. There is no evidence that any of the sewage which backed up into plaintiff's basement came in through the drain in the basement. Mr. Moore further testified that about fifteen days prior to the day in question some heavy rain occurred and sewage from the city's main sewer at that time backed up into his basement; that he notified two councilmen and the mayor of the city, that its main sewer was clogged and caused sewage to back up into his basement and requested that the sewer be cleaned out but the City did nothing about it; that at the time the present incident occurred they again notified defendant and it thereafter cleaned out the sewer, removed large roots and other substances therefrom. Several other witnesses also testified that defendant's main sewer line was clogged up on the day in question and

had been for some time prior thereto, and that shortly after the day in question the city cleaned the sewer and removed large roots and other substances therefrom. One of the officials of the city likewise testified as to the removal of roots and other substances from the sewer lines. Mr. Moore further testified that since defendant cleaned out and unclogged its sewer they have had no further trouble although heavy rains have since occurred.

This in substance constitutes the evidence in the case and in our opinion is sufficient to establish negligence against the defendant in the maintenance and operation of its sewer system.

■ The general rule is that where a municipal corporation assumes the control and management of its sewer system, which has been constructed by it and under its supervision, it is bound to use reasonable diligence and care to see that such sewer is not clogged with refuse and is liable for negligence in the performance of such duty to a property owner injured thereby after reasonable notice of the clogged condition of its sewer. See City of Muskogee v. Turner, 186 Okl. 459, 98 P.2d 1095; Annotation 43 A.L.R. 965; 38 Am.Jur., Municipal Corporations, Sec. 636. In City of Altus v. Martin, Okl.Sup., 268 P.2d 228, 229, we held:

"The maintenance and repair of its sewers is a corporate or proprietary function of a city, and the city is liable for injuries sustained because of its failure to maintain and repair its sewers properly."

See, also, City of Mangum v. Garrett, 200 Okl. 274, 192 P.2d 998, and cases therein cited.

■ It is further contended by defendant that the court erred in giving instructions numbered 9, 10 and 16 to the jury. In Instruction No. 9, among other things the court told the jury that it was the duty of the city where it has undertaken to construct sanitary sewers to furnish sewers of sufficient capacity to carry off sewage and water which may reasonably be expected to accumulate under ordinary conditions.

The only objection made to this instruction is that it is incomplete; that the instruction should have gone further and instructed the jury that if the backing up of the sewage from its main sewage line was caused by extraordinary and unusual rain which had occurred on that day then it would not be liable and plaintiffs cannot recover. This contention cannot be sustained. Defendant in its answer does not plead such defense, nor did it request an instruction as to such issue, nor do we think there is any evidence to authorize the submission of such issue to the jury. There is evidence to the effect that on the day in question a lot of rain fell; that it was a heavy rain, but there is no evidence to establish that there was an extraordinary or unusual rain such as does not usually and ordinarily occur. There was no error in giving this instruction.

■ The only objection made to instructions 10 and 16 is that they place the burden upon the city to keep its sewer system in such a state of repair as not to injure the property of the plaintiffs without any reference to contributory negligence although the city had in its answer plead that plaintiffs had been guilty of contributory negligence in constructing a drain in their basement contrary to the ordinances of the city.

The court, however, in its Instruction No. 14 gave an instruction on contributory negligence as presented and requested by counsel for defendant. It was, therefore, not necessary that it also instruct as to such issue in the above instructions. We have heretofore held that no particular paragraph of the instructions need contain all of the law of the case. It is sufficient when taken together and considered as a whole they fairly present the law applicable to the issues raised by the pleadings and evidence. Johnson v. Short, 204 Okl. 656, 232 P.2d 944; West v. Clopine, 200 Okl. 625, 198 P.2d 742.

The contention of defendant that in the operation and maintenance of its sanitary sewer system it was acting in a governmental capacity and cannot therefore be held liable is disposed of by what has been said above.

We conclude that the verdict of the jury and judgment of the court entered thereon is amply supported by the evidence and that no prejudicial error occurred at the trial.

Judgment affirmed.