The CITY OF HOLDENVILLE, a Municipal Corporation, Plaintiff in Error,

v.

Bessie GRIGGS, Defendant in Error.

No. 41186.

Supreme Court of Oklahoma.

Feb. 22, 1966.

Stanley Huser, Jr., Holdenville, for plaintiff in error.

Sandlin & Daugherty, Holdenville, for defendant in error.

HALLEY, Chief Justice.

The parties will be referred to as they appeared in the trial court.

The plaintiff Bessie Griggs sues the defendant City of Holdenville for damages to her residence property and the contents thereof alleged to have been caused by the negligence of the defendant in the construction and maintenance of its sewer disposal system in the City of Holdenville.

In her petition plaintiff alleges that sewage carried in the main disposal lines of the defendant backed up and flowed through the lateral lines connecting her residence with the main sewer system causing damage to her residence and furnishings. She alleges specific acts of negligence against the defendant as follows:

"(1) Maintaining a sewer line in the vicinity of the home of the plaintiff inadequate to dispose of water accumulating in the area.

"(2) Maintaining a sewer line in the vicinity of the home of the plaintiff which contained a faulting check valve."

Summarized, the evidence is as follows: Plaintiff owns certain residential property in the City of Holdenville, and has occupied the property for more than 25 years. The residence was connected with the sewer system of the defendant City of Holdenville. Over a period of years, commencing in 1957, the sewer would back up from the main lines through the lateral pipe connections to plaintiff's house, causing the bath tub and lavatory in plaintiff's house to overflow. In 1957 she reported this condition to Cecil Robinson, City Water Commissioner of the City of Holdenville. Robinson, or other city employees, came to her house and ran a wire cable through the sewer lines, unstopping the lines. The overflowed sewage receded. A similar incident occurred in '58. She again contacted Robinson. The city sent out some men and they unstopped the sewers.

In June or July of '59 the sewers again overflowed into her house. Plaintiff appeared before the city council. A neighbor by the name of Carter accompanied her. Carter was having a similar difficulty. No definite action was taken by the defendant City to alleviate the condition. About 6:00 A.M. on the morning of September 24, 1959, plaintiff awoke from her sleep and smelled the odor of sewage in her house. She investigated and found that raw sewage had overflowed the bath tub, the stool and the lavatory in her bathroom and was running over the top of all of these fixtures. The raw sewage, including fecal matter, was 6 inches deep in her bathroom and 3 or 4 inches deep in her bedroom and kitchen. She again called Robinson, the Water Commissioner. He came to the premises and with the use of a wire cable which he ran through the lines, unstopped them. The sewage-water subsided, leaving about 2 inches of raw sewage in the bath tub and about one inch on the floor of the bathroom.

Two licensed plumbers testified as witnesses for the plaintiff. They inspected

the premises involved on the day the overflowing occurred. They ran a wire cable through the lateral sewer lines from plaintiff's residence to the main sewer line in the alley and found these lines to be clear of stoppage. Both of these plumbers testified as experts, testifying that the cause of the overflowing was that the main sewer line was too small to carry the load it was required to carry. The line was only 6 inches in diameter. These two witnesses explained that a 6 inch line would accommodate the average sewage disposal from two houses, but not from the number of houses using the sewer in the vicinity of plaintiff's house.

Some time prior to the incident out of which this litigation arises, the defendant City of Holdenville caused to be installed in the lateral sewer line from plaintiff's house, at a point where the lateral line enters the main sewer line, a check-valve. Witnesses explained that if the check-valve operated properly, it would prevent the sewage from the main line from backing up into plaintiff's house. When the water commissioner was called regarding the overflowing on September 24th, he stated that he had been having trouble with this check-valve sticking. He also told one of the plumbers that he had fastened the valve open. Both of the plumbers testified that with the check-valve open, the overflow from the overloaded main line would have nothing to keep it from backing up into the lines connected with the plaintiff's house and then into her house. They explained that plaintiff's house would receive the greatest amount of this overload because it was built on lower ground.

The defendant offered little testimony contradicting the evidence of the plaintiff. A carpenter testified that the main sewer line of the defendant was about one and ⁹/₁₀ths feet lower than the floor of plaintiff's house. An employee of the defendant city testified that he had worked as a meter reader and general employee in the Water Department of the City of Holdenville for about 18 years, and in 1962 became Water Superintendent. He testified that during the time he had been with the Water Department they had received many complaints of the overflowing of the main line, which served the plaintiff's residence; that in the building of sewers the lines are generally 6 inch lines but as the system develops and more people use the sewers, the 6 inch lines are replaced with 8 inch or even larger lines; that the main line in the alley back of plaintiff's house which handled the flow of sewage from her house is a 6 inch line and has not been changed or enlarged in 15 years except for the building of a manhole. He related a situation which occurred within two months prior to the trial where the sewage had backed up from the main line into the lines in plaintiff's back yard. The employee stated that he believed the lines of the defendant were adequate to handle the flow of sewage from the houses where plaintiff's house was located.

The evidence of the defendant, instead of contradicting the proof of the plaintiff, confirms it.

Defendant contends that the evidence of the plaintiff is insufficient to establish liability against the defendant, citing City of Ada v. Canoy, 198 Okl. 206, 177 P.2d 89, and City of Holdenville v. Moore, Okl., 293 P.2d 363, 59 A.L.R.2d 276.

A careful reading of City of Ada v. Canoy, supra, convinces that the case supports the right of the plaintiff to recover. In the opinion this Court said:

"While it is true as contended by defendant that a municipality is not an insurer of its sewer system, and while there is authority to the effect that a city cannot be held liable in damages because of error in judgment as to the size of drains or sewers necessary to carry away sewage or surface waters, it is generally held that if, after such sewers and drains are constructed, it becomes evident that the same as constructed are inadequate to perform the functions contemplated, and after due notice thereof it fails to take steps

necessary to remedy such condition and continues thereafter to operate the same in such manner as to constitute a nuisance, it will be held liable."

The Court further states:

"In such case liability will attach irrespective of the question of negligence on its part."

■ The evidence in the instant case clearly establishes that the inadequacy of the sewer system was called to the attention of the defendant on several occasions, but that it failed to remedy the condition.

■ Defendant contends that as plaintiff prosecuted her case solely on the theory of negligence, she is not entitled to recover on the theory of nuisance. Eliminating the allegations of negligence from the petition of the plaintiff, the remaining allegations are sufficient to entitle plaintiff to recover on the theory of nuisance. Defendant filed no pleading requesting the plaintiff to elect on which theory she intended to prosecute her case. She therefore was entitled to recover on either or both theories.

■ On the negligence theory this Court in City of Holdenville v. Moore, Okl., 293 P.2d 363, said:

"When a municipal corporation assumes the control and management of a sewer system which has been constructed by it and under its supervision, it is bound to use reasonable diligence and care to see that such sewer is not clogged with refuse and is liable for negligence in the performance of such duty to a property owner injured thereby after reasonable notice of the clogged condition of such sewer."

Other cases to the same effect are: City of Mangum v. Garrett, 200 Okl. 274, 192 P.2d 998; City of Muskogee v. Turner, 186 Okl. 459, 98 P.2d 1095; City of Bristow v. Schmidt, 170 Okl. 338, 40 P.2d 656. The liability of the defendant, City of Holdenville, is sustained by competent evidence.

■ Defendant contends that the trial court erred in admitting the testimony of the two plumbers, Whaley and Adair, as experts. These two witnesses testified that the six inch line was too small to carry the normal load of sewage for the residences it was serving. They were both licensed plumbers with many years of experience in solving the problems connected with the overflowing and stoppage of sewer lines.

■ In Arkansas Louisiana Gas Co. v. Maggi, Okl., 409 P.2d 369, this Court said:

"Qualification of expert witness is addressed to sound discretion of trial court whose ruling that a witness is sufficiently qualified will not be disturbed on appeal unless it clearly appears that the discretion has been abused."

There are many other cases to the same effect: Continental Oil Co. v. Ryan, Okl., 392 P.2d 492; Groninger & King, Inc. v. T. I. M. E. Freight, Inc., Okl., 384 P.2d 39; Tuck v. Buller, Okl., 311 P.2d 212, 66 A.L.R.2d 1043; Continental Oil Co. v. Elias, Okl., 307 P.2d 849.

The qualifications of Whaley and Adair as experts were established. No error was committed in admitting their testimony and there was no abuse of discretion of the trial court in so doing.

Defendant contends that the trial court erred in submitting to the jury instructions 9, 10, 12 and 13. These instructions are not set forth in the brief of the defendant and no authorities in support of the contended errors are cited by the defendant. Defendant does not challenge the correctness of the instructions as to correctly stating the law but contends the instructions were not justified under the pleadings and facts presented in the case. We have examined and studied the instructions considering the issues presented at the trial. The instructions correctly submit to the jury the law governing the trial as defined in City of Holdenville v. Moore, supra, and City of Ada v. Canoy, supra. The issues of fact presented in the trial required that the jury be instructed on the legal principles involved in the instructions.

Defendant contends that the trial court should have submitted to the jury its requested instructions 1–5. They likewise follow the law as declared in City of Holdenville v. Moore, supra, and City of Ada v. Canoy, supra, but state the law in a negative rather than affirmative manner.

This Court has held in several cases that where the instructions submitted by the court are sufficient to state clearly to the jury the issues involved in the case and the correct principles of law applicable thereto, it is not error to refuse to submit to the jury requested instructions covering the entire case or any particular issue involved although the requested instructions state the law correctly. Midland Valley R. Co. v. Neeley, 114 Okl. 277, 246 P. 859; Schaff v. Daugherty, 112 Okl. 124, 239 P. 922, cert. denied 46 S.Ct. 208, 270 U.S. 642, 70 L.Ed. 776.

In Kansas City Southern Railway Co. v. Haynes, Okl., 320 P.2d 404, this Court said:

"When the instructions given by a trial court when considered as a whole, fairly state the law applicable to the issues, a judgment upon a jury verdict will not be disturbed on appeal."

No error was committed in instructing the jury.

Lastly defendant contends the verdict of the jury is excessive and the amount awarded is not sustained by the evidence. The verdict of the jury is for $800.00. Plaintiff's proof established an actual cash outlay of $221.29, and permanent damages to the foundation of her house in the amount of $500.00. The defendant offered no proof contesting the amount of these items. The jury was justified in awarding the additional sum of $78.91 for permanent damages to the interior of her house, although no specific evidence was offered establishing the monetary value of this item it is not necessary under our holding in Oklahoma Transportation Company v. Hays, Okl., 405 P.2d 181, wherein we said:

"The rule against the recovery of uncertain damages generally has been directed against uncertainty as to cause rather than uncertainty as to measure or extent."

Judgment of the trial court is affirmed.

JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.

DAVISON, IRWIN and HODGES, JJ., concur in result.