OKLAHOMA CITY, a municipal corporation,
Plaintiff in Error,

v.

Enrico J. ROMANO and Virginia L. Romano,
Defendants in Error.

No. 41521.

Supreme Court of Oklahoma.

Sept. 26, 1967.

Roy H. Semtner, Municipal Counselor, Carroll E. Gregg, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error.

Marian P. Opala, Oklahoma City, for defendants in error.

LAVENDER, Justice.

This appeal involves an action, brought by the defendants in error, hereinafter called the plaintiffs, against the plaintiff in error, hereinafter called the city, for damages allegedly resulting from raw sewage having backed up into the plaintiffs' home from the city's sanitary sewer main through the sewer pipe connecting the plaintiffs' home to such sewer main. Insofar as pertinent herein, the plaintiffs' amended petition alleges:

"That the defendant permitted said sewer line so adjacent to plaintiffs' property to become stopped up and clogged with refuse at a point and place approximately between plaintiffs' house and one block to the west of plaintiffs' property, and that on the 27th day of April, 1963, the raw sewage, water and refuse in said sewer line backed up and through the sewage line of plaintiffs and into their house, overflowed through the toilet stool, lavatory, bath tub and shower, inundating and flooding the floor of plaintiffs' home to a depth of approximately two to four inches, causing the damages to plaintiffs' property as hereinafter set forth;"
and

"That the defendant knew or should have known of the clogged condition of its sewer line so under its control and management but neglected to maintain and/or to properly clean and keep said sewer line in usable condition; that said condition constituted a nuisance and was the direct and proximate cause of the damages so sustained by the plaintiffs as hereinafter alleged."

The city filed a "motion in Abatement" attacking the jurisdiction of the court to render any judgment against the city in such action, on the ground that the cleaning of such sewers is a governmental function of the city and the city is immune, under the doctrine of "governmental immunity," from actions arising out of its cleaning, or failing to clean, such sewers.

The trial court sustained such plea to jurisdiction and the plaintiffs filed a motion for a new trial attacking that action of the trial court. The plaintiffs' motion for a new trial was sustained, and the city appeals from the order sustaining the motion for a new trial.

The city presents only the one proposition, that the trial court did not err in sustaining the city's plea of lack of jurisdiction because of the city's "governmental immunity" to such actions, so that it did err in sustaining the plaintiffs' motion for a new trial.

In support of its plea of governmental immunity from the plaintiffs' suit, the city cites only the case of Spaur et al. v. City of Pawhuska (1935), 172 Okl. 285, 43 P.2d 408. That case arose from the death of the plaintiffs' minor child as a result of being struck by a city-owned truck which was being driven by a city employee while performing his duty of cleaning the city streets and sewers. In affirming the trial court in sustaining the city's demurrer to the petition and dismissing the case, this court held in the second paragraph of its syllabus:

"In the cleaning of streets and sewers, a city acts for the public health and discharges a governmental function. In

these acts it is an agent or arm of the state, and is absolved from liability for the negligence of its employees."

In the body of the opinion in that case (page 409 of 43 P.2d), the court also said:

"Streets and sewers fall in the same class with respect to their classification as governmental or proprietary activities of a municipality. It has been repeatedly held in this jurisdiction that the maintenance of streets is a proprietary duty and that cities are responsible to the traveling public for failure to keep their streets in a safe condition for the use of the traveling public, provided, of course, they have notice or knowledge of the existence of any defect. Likewise, it is the rule in most jurisdictions that the maintenance of sewers, both sanitary and storm, is one of the corporate duties of a municipality. 43 C.J. 1130; McQuillin on Municipal Corporations (2d Ed.) par. 2869. Oklahoma is one of the jurisdictions which adheres to this view. Oklahoma City v. Stewart et al., 76 Okl. 211, 184 P. 779. City of Sayre v. Rice, 132 Okl. 95, 269 P. 361. Thus the maintenance of both sewers and streets are corporate functions of municipal governments, and the city would be civilly liable for the negligent acts of its agents or employees engaged in the maintenance or repair of either streets or sewers."

Almost all of the rest of the city's brief is given over to arguments concerning, or based upon, a claim by the city that, after the trial court had ruled on the city's plea to jurisdiction and sustained it, the plaintiffs were permitted to change the theory of their case from negligence in connection with the cleaning of the sewer line in question to negligence in connection with the maintenance and/or cleaning of such sewer line, because the plaintiffs were permitted, at that time and over the objection of the city, to amend their amended petition, as though amended prior to the court's ruling on the city's plea to jurisdiction, by inserting in their amended petition the words "to maintain and/or", which appear in the second quoted paragraph, above, from the amended petition.

The transcript of proceedings at the hearing on the city's plea to jurisdiction discloses that the city did object to the plaintiffs' request for permission to make such amendment, made after the court had announced its ruling on the city's plea to jurisdiction, and that the city also objected to such amendment's being treated as though made prior to such ruling. Such transcript also discloses that the city, in effect, withdrew such objections when the trial court announced that the same ruling would apply and did apply the same ruling on the city's plea to jurisdiction. In addition, even if the city could raise such question in this appeal, we think that, for the reasons hereinafter indicated, the amendment in question did not change the cause of action alleged by the plaintiffs.

■ In City of Holdenville v. Moore, Okl. (1956), 293 P.2d 363, 59 A.L.R.2d 276, which was an action for damages resulting from a sewage back-up into the home of the plaintiffs, this court held that the maintenance and repair of its sanitary sewers is a corporate, or proprietary, function of a city, and, based thereon, held in the second paragraph of its syllabus:

"When a municipal corporation assumes the control and management of a sewer system which has been constructed by it and under its supervision, it is bound to use reasonable diligence and care to see that such sewer is not clogged with refuse and is liable for negligence in the performance of such duty to a property owner injured thereby after reasonable notice of the clogged condition of such sewer."

■ That, verbatim, is the second paragraph of the court's syllabus to City of Holdenville v. Griggs, Okl. (1966), 411 P.2d 521. In that case, the plaintiff not only relied upon the city's failure to see that the sewer line in question was not clogged with

refuse, but also relied upon the clogged condition of the sewer as constituting a nuisance. This court held that a municipality can operate a sewer system in such a way as to constitute a nuisance and is liable to persons sustaining injury therefrom, if, after notice of the nuisance, it fails to adopt and execute such measures as are necessary to remove the nuisance; and that, in such a case, liability attaches without regard to negligence on the part of the city.

In the present case, even without the words "to maintain and/or", complained of by the city, the plaintiffs pleaded that the city permited the sewer line in question to become stopped up and clogged with refuse; that the city knew, or should have known, of the clogged condition of the sewer, but neglected to properly clean and keep said line in usable condition; and that such clogged condition of the sewer line constituted a nuisance, and was the direct and proximate cause of the damages sustained by the plaintiffs. So, even without the words "to maintain and/or", the allegations of the plaintiffs' amended petition came within the principles of law applied by this court in City of Holdenville v. Moore, supra, and City of Holdenville v. Griggs, supra. Under those cases, a municipality is not immune from either of the causes of action so pleaded by these plaintiffs.

The trial court is vested with a broad discretion in granting a new trial and its action in so doing will not be disturbed on appeal unless it clearly appears that the court erred on some pure, simple, unmixed question of law, or has abused its discretion by acting arbitrarily or capriciously. Jacobson's Lifetime Buildings, Inc. et al. v. City of Tulsa, Okl., 333 P.2d 307. Although the trial court gave no specific reason for sustaining the plaintiffs' motion for a new trial in the present case, doing so corrects a manifest and material error with respect to a pure, simple, and unmixed question of law, as in Smittle v. Illingsworth,

Okl., 373 P.2d 78, and the trial court did not act arbitrarily or capriciously.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, BERRY, and HODGES, JJ., concur.