Dolleen **DAVIS** et al., Appellees,

v.

**TOWN OF CASHION, a municipal corporation, Appellant.**

No. 48594.

Supreme Court of Oklahoma.

April 5, 1977.

Shutler, Baker, Simpson & Logsdon, Kingfisher, for appellees.

E. Edd Pritchett, Oklahoma City, Murphy & Evans, Kingfisher, for appellant.

·LAVENDER, Vice Chief Justice:

Separate tort actions were brought by three adults and one minor, through her mother, against Town of Cashion (town), a municipal corporation. Suits were consolidated for jury trial and this appeal. Dolleen Davis (plaintiff) and Larry Davis (plaintiff) were husband and wife. Kimberly Davis (plaintiff), the minor, was their three-year-old daughter. Ruth Smith (plaintiff) was Dolleen's mother.

Ruth Smith lived at Cashion. May 6, 1973, the three Davises were visiting her. Daughter, Dolleen, and mother, Ruth, had gone to the Smith's cellar to secure Dolleen some canning jars. Husband, Larry, joined them in the cellar to help in carrying up the jars. Child, Kimberly, was at or near the cellar door. As Larry was picking up the jars, a flash flame and explosion occurred in the cellar. All four persons were burned. The injured parties brought suit against the town. Actions alleged the explosion was caused by the negligence of the town in its operation of the municipal sewer system. Jury returned separate verdicts for each plaintiff. Town appeals.

Town argues insufficient evidence to support the verdicts. This issue was raised in the trial court through demurrers to plaintiffs' evidence and motions for directed verdicts.

The trial court should consider as true all the evidence favorable to the party against whom the demurrer to the evidence of motion for directed verdict is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to the demurrer or movant. *Nye v. Cox*, Okl., 440 P.2d 683 (1968). A demurrer to the evidence admits every fact which the evidence tends to prove in the slightest degree and all reasonable and logical inferences and conclusions therefrom. *Spiller v. Massey & Moore*, Okl., 406 P.2d 467 (1965). On appeal from such rulings, this court will examine the record, and if, upon examination, it is found there is no evidence reasonably tending to support the verdict and judgment for plaintiff, such judgment will be reversed. *Sooner Foods, Incorporated, v. Eggleston*, Okl., 412 P.2d 621 (1966).

Here, we examined the record. The town flushed the sewer system about every ninety days by dumping water in the upper end not far from the Smith residence. Flushing is to add a volume of flow sufficient to keep the system clean. If regular use of the system produces sufficient flow, then the additional flushing is not necessary. This sewer system was installed in the early

1960's. That installation met state specifications. Its grade was four per cent. Low spots can develop in time with the ground settling and shifting. Cumulations of solid material may occur in low spots. The decomposition of that material results in an end product of methane gas. That gas with a proper mixture of oxygen found in the air is explosive. Some two or three weeks before the cellar explosion, a teenage boy was blown off a manhole cover followed by a fire. That manhole was located at the back of the Smith property. Town's maintenance engineer heard of this and made an investigation at the manhole prior to the cellar explosion. An expert witness for the plaintiff qualified as an explosion investigator. His investigation of the cellar explosion occurred about a year after the accident. His review of the Fire Marshal's test showed the presence of gas at the cracks in the cellar. He investigated the site and determined, to his satisfaction, all the probable or possible sources of combustible material and eliminated them all but one, and he was not able to eliminate sewer gas.

■ The majority of the evidence reflected above is met head-on with conflicting evidence. That conflicting evidence favorable to the town must be disregarded. The jury, as the trier of the facts, weighs the evidence. Considering as true all the evidence favorable to the plaintiff with the inferences reasonably to be drawn therefrom, and disregarding the conflicting evidence, we find there is evidence reasonably tending to support verdict for the plaintiffs.

Town argues lack of notice as to the condition of the sewer. This position suggests notice is necessary for the operation of the sewer system to be proprietary in

nature as opposed to governmental. This court, in *City of Holdenville v. Moore*, Okl., 293 P.2d 363 (1956) by its syllabus and without condition, has said:

> "The maintenance and repair of its sewers is a corporate or proprietary function of a city, and the city is liable for injuries sustained because of its failure to maintain and repair its sewers properly."

In present case, we need not determine if notice was required as a matter of law the same as in a clogged overflow sewer case resulting in property damage under either a negligence or nuisance theory,[1] for jury instruction No. 9 [2] required knowledge, or notice, by town that its sewer system was being operated or maintained improperly. We find the required knowledge or notice through testimony of boy's mother as to the manhole explosion that she notified Mr. Elling, called the maintenance engineer by town's attorney in Elling's cross-examination. Elling, himself, told of his investigation of the manhole explosion prior to the cellar explosion. This supplies the evidence from which the jury could find the knowledge or notice called for by instruction No. 9.

■ Town seeks reversal in allowing plaintiffs' explosion expert to give his opinion that after investigating the site and determining to his satisfaction all probable or possible sources of combustible material, he could eliminate them all except sewer gas. Town says this opinion is based, at least in part, on personal interviews. Such hearsay makes incompetent that expert's opinion. The holding in cited authority of *Fidelity and Casualty Co. of New York v. Hendrix*, Okl., 440 P.2d 735, 737 (1968), supports that contention.[3] We refuse applica-

---

1. *Oklahoma City v. Romano*, Okl., 433 P.2d 924 (1967); *City of Holdenville v. Griggs*, Okl., 411 P.2d 521 (1966); and *City of Holdenville v. Moore*, supra.

2. Instruction 9 reads:
   "Should you find, by a preponderance of the evidence, that the *defendant's sewer system was improperly* designed, constructed, operated or maintained, and that defendant had knowledge thereof, as alleged by the plaintiffs, and that such negligence was the proximate

cause of the explosion, and the resulting injuries to plaintiffs, then your verdicts should be for the plaintiffs and against the defendant. If you do not so find, then your verdicts should be for the defendant and against the plaintiffs." (Emphasis added.)

3. *Fidelity and Casualty Co. of New York*, at page 737, supra, reads:
   "Further, the patrolman repeatedly testified, over objection, that his opinion as to the speed of the bus was partially based upon what de-

tion to this case. When the opinion was sought of the expert, the objection was lacking in form as required by 12 O.S.1971, § 424.[4] Of more importance, however, is that when the opinion was called for nothing before the court showed it was based in part on hearsay. That came on cross-examination of the expert by town's attorney. No objection was then made or motion lodged for the expert's opinion to be stricken. The objection to the expert's opinion, as being partially based on hearsay, comes too late on motion for new trial and on this appeal. We do not reverse on this issue. *Cook v. Sheffield*, 181 Okl. 635, 75 P.2d 1101, 1103 (1938).

Lastly, town contends instruction No. 11[5] is in error. That instruction placed a duty on town to use ordinary care and diligence in maintaining its sewer system in a reasonably safe condition. This duty included anticipation of defects from ordinary use and the passage of time. If there was a defect in the collection system, then the town had to know of the defect, or should have known through the length of time the defect had remained.

Town believes the duty is too great a burden. It again argues governmental function and need of notice. This opinion has heretofore dealt with these same arguments. Operation of a sewer system is proprietary and not governmental in nature. Reasonable diligence and care in that operation is the measure of duty. The *Oklahoma City* case, *supra*; and the two *City of Holdenville* cases, *supra*.[6] Instruction 11 required no greater duty. It allowed actual or constructive knowledge of a defective system. There was evidence from which actual knowledge could be determined by the jury. The instruction did not make the town an insurer for its sewers, as argued. Giving of Instruction 11 by the trial court was not reversible error. This is particularly true when the instructions are considered as a whole and include instruction 9.

Affirmed.

HODGES, C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.

---

fendant herein calls hearsay evidence, i. e., his conversation with the bus driver. We have previously held that an expert opinion based at least partly on hearsay is inadmissible. See *Maben v. Lee*, Okl., 260 P.2d 1064; *Houston v. Pettigrew*, Okl., 353 P.2d 489."

We note exceptions as to an expert witness testifying on value of land in a condemnation action, *Finley v. Board of County Commissioners*, Okl., 291 P.2d 333 (1955); and a medical expert witness giving an opinion based in part on statements in history, *A & A Checker Cab Operating Co. v. Fritzshall*, 264 P.2d 322 (1953).

4. 12 O.S.1971, § 424 reads in part:

" * * * Where any party desires to object to any question put to a witness, either before a court or tribunal or upon the taking of depositions upon notice, *the ordinary objections of incompetency, irrelevancy or immateriality*, shall be deemed to cover all matters ordinarily embraced with such objections and it shall not be necessary to specify further the grounds of such objections or to state the specific reasons whereby the question is so objectionable, but the court or opposing counsel may inquire of the objector wherein the question is so objectionable and the objector shall thereupon state specifically his reasons or grounds for such objections." (Emphasis added.)

5. Instruction No. 11 reads:

"You are instructed that it is the duty of a municipal corporation to use ordinary care and diligence in keeping its sewage collection and disposal system in a reasonably safe condition, and this duty involves the anticipation of defects that are the natural and ordinary result of use and the passage of time, and if it fails to do so it is guilty of negligence which will make it liable for injuries resulting therefrom; provided the injured parties exercised ordinary care to avoid injury, and in that regard you are instructed if you find and believe, from a preponderance of the evidence in these cases, that on or about May 6th, 1973, there was a defect in the sewage collection and disposal system of the Town of Cashion, and that said defect had remained therein for a sufficient length of time that the Town of Cashion knew of the same, or should have through the exercise of ordinary care known of the same, and that such defect allowed the escape of sewage gases and the accumulation thereof into the cellar in question, and that such was the proximate cause of the explosion, then your verdicts should be for the plaintiffs, provided you further find and believe that the plaintiffs used ordinary care."

6. See n. 1, *supra*.