HON. JNO. L. McATEE,
HON. BAYARD T. HAINER, } ASSOCIATE JUSTICES.
HON. BENJ. F. BURWELL,
HON. CLINTON F. IRWIN,

---

### JOHN TEN CATE v. NOAH FANSLER.

(Filed June 15, 1899.)

1. SPECIAL DAMAGES—*Specifications not Necessary, When.* While special damages should be averred in the petition, in order to notify the defendant of the nature of the plaintiff's claims and to prevent surprise at the trial, it is not necessary in a case like the present, where the demand sounds wholly in damages, and there is but a single cause of action, to state specifically and in separate amounts the different items which go to make up the total sum of damages. It is enough to claim so much in gross for the wrong done.

2. DAMAGES, ·RECOVERY OF—*Specific Allegations—Results of Malicious Prosecution.* Deprivation of liberty, oppression, degradation and disrepute, mental trouble and anguish of mind, loss of good name and business standing, and the privation of the pursuit of private business, are results which naturally flow from such a prosecution, and there is no such peculiarity in them as requires that other and more specific allegations of them should be made than such as are charged here, in order to justify the recovery of damages.

John Ten Cate v. Noah Fansler.

3. PAYMENT OF MONEY—*Specifically Averred, When.* The payment of money to secure the liberty and discharge of one who has been imprisoned upon a malicious prosecution, must be specifically averred, but averment is sufficiently made if it is declared in the petition that the plaintiff has been "forced to pay out and expend large sums of money in securing his liberty and discharge," if the objection is first made at the trial to the introduction of evidence tending to show what payments have been made by the plaintiff for that purpose.

4. AVERMENT OF FACTS. The averment of acts which constitute the fraud, malice, etc., upon which the claim for punitive damages is predicated, are adequately stated in the petition in this case.

5. INSTRUCTIONS—*Adequate, When.* The instructions of law given to the jury in this case are adequate, and cover sufficiently the facts alleged in behalf of the plaintiff, and those alleged in behalf of the defendant.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before J. R. Keaton, District Judge.*

*S. H. Harris* for plaintiff in error.

*Amos Green & Son* for defendant in error.

STATEMENT OF THE CASE.

This was an action for malicious prosecution brought by Fansler against Ten Cate in the district court of Oklahoma county, because of an alleged malicious prosecution theretofore begun by Ten Cate and one H. C. Renard against the defendant in error.

The petition averred that on the 21st day of June, 1895, the defendants had conspired to extort money from the plaintiff in payment of a debt what had been owned jointly by the defendants, and that a mortgage on chattel property to secure the debt had been taken in the name of Ten Cate; that the debt had been paid off by the plaintiff, and that the defendants had promised to re-

lease the mortgage upon the record, but that they had, for the fraudulent purpose of cheating the plaintiff, neglected to release it as they had promised to do; and that, for the purpose of wilfully and maliciously oppressing and falsely imprisoning the plaintiff and to extort money, as aforesaid, that they had caused to be instituted before Stephenson, a justice of the peace, a criminal prosecution upon the complaint sworn to by the defendant, Ten Cate, which accused Fansler of concealing and removing mortgaged chattels: to-wit, horses described in the chattel mortgage referred to in the petition, without the consent of Ten Cate.

That the information was endorsed by the county attorney of Oklahoma County, as follows:

"I have examined the facts in this case and recommend a warrant be issued. J. L. Brown, county attorney."

Fansler further charged that at the time of the filing of the complaint, the defendants both knew that the claim had been paid on the 10th day of November, 1894, and had remained unsatisfied of record by the defendant, Ten Cate, for the fraudulent purpose charged; that the defendants knew that the charges contained in the complaint were untrue; that the defendant, Ten Cate, caused a warrant to be issued on the said false complaint, and caused the arrest of the plaintiff, who was held under arrest from the 21st day of June, 1895, to the 9th day of July, 1895, when an examining trial was had, and that on said trial it was found by the justice that the mortgage debt had been fully paid off and satisfied by the plaintiff; that the complaint had been dismissed and the plaintiff discharged from said arrest and prosecution, and the costs taxed against Ten Cate, and that the said complaint, ar-

rest and prosecution were malicious, and without probable cause.

The plaintiff averred that by reason of the institution and carrying on of this malicious prosecution and arrest by the defendant, that he was deprived of his liberty and oppressed, degraded and brought into disrepute among his neighbors, and had suffered great mental trouble and anguish of mind and had been held under arrest and deprived of his liberty, and his good name and business standing had been injured and that he had been forced to pay out and expend large sums of money in securing his liberty and discharge from the said malicious arrest and prosecution, and that the plaintiff was kept from pursuing his business, and had sustained damages in the sum of five thousand dollars, for which he asked judgment.

The defendants answered jointly, denying all the allegations of the plaintiff's petition. Thereafter, before the beginning of the trial, the cause was dismissed as to Renard, and the case tried to a jury.

A verdict was returned, in which the issues were found for the plaintiff and the damages assessed at one thousand dollars. The following special interrogatories were submitted to the jury by the court, and the answers made which are appended thereto:

"Ques. Did the assignment and transfer of the lease in question from the plaintiff to H. C. Renard constitute a payment and satisfaction of the note and mortgage executed by the said plaintiff to the defendant herein, or, was said lease so assigned and transferred as an additional security for the payment of said note? Ans. The assignment and transfer of the lease in question did constitute a payment and satisfaction of the note and mortgage.'

"Q. If you find for the plaintiff, state the amount of damages, if any, you allow him upon each of the elements of damages designated in the 13th instruction of the court: to-wit, 1: for the expenses incurred and time lost by plaintiff. A. ($75.00) Seventy-five dollars.

"Q. 2. For injury to plaintiff's character and reputation? A. ($325.00) Three hundred and twenty-five dollars.

"Q. For the shame, mortification and mental anguish suffered by plaintiff? A. ($200.00) Two hundred dollars.

"Q. 4. For punitive or exemplary damages? A. ($400.00) Four hundred dollars."

A motion for a new trial was made, argued and overruled, and the case brought here upon numerous assignments of error, which are presented to a very limited and meager extent in the brief of the plaintiff in error.

Opinion of the court by

McATEE, J.: It is argued, in the first place, that the court erred in permitting the plaintiff to prove specific damages, over the objection of the defendant in the action, under the allegation of general damages.

It is true that special damages must be averred in the petition, in order to notify the defendant of the nature of the plaintiff's claims, and to prevent surprise to him at the trial, but it is not necessary in a case like the present, with the exception of the claim of damages for the payment of money to secure the discharge of the plaintiff from arrest, where the demand sounds wholly in damages, and there is but a single cause of action, to state specifically and in separate amounts, the different items which go to make up the total sum for the wrong done. (1 Sutherland on Damages, 763, 770.)

The plaintiff below averred nothing exceptional or peculiar in the results which flowed to him from the prosecution. His declaration of damages suffered includes only such matter as would naturally and ordinary follow to one innocent of a criminal charge, if he should be falsely and maliciously arrested and imprisoned upon the charge of an infamous crime.

The rule is that the object of the pleading, to apprise the defendant of the nature of the claim against him, as well as its extent, is satisfied with an averment of such a sum as damages, and that such a pleading will authorize the recovery of such damages as naturally and ordinarily flow from such an injury.

The deprivation of liberty, the oppression, degradation and disrepute, the mental trouble and anguish of mind, the loss of good name and business standing and the privation of the pursuit of private business, are the results which naturally and necessarily flow from a malicious prosecution of this character. These are the charges made in the petition; they are the principal items going to make up the total sum included in the verdict for damages found by the jury, and there is no peculiarity in them requiring that any other or further special allegation of them should be made than is charged here, in order to, justify the recovery of damages. The pleading is adequate. (*Pueblo v. Griffin*, 10 Colo. 366; 5 Ency. of Pl. & Pr. 719 )

But it is also averred that damages were suffered by reason of "the payment of large sums of money in securing the liberty and discharge of the plaintiff from malicious arrest and prosecution." No exception was taken to the sufficiency of this averment in the pleading. The

defendant answered by a general denial. The objection was first made to its sufficiency at the trial, upon the proffer of testimony to support it. We hold the averment to have been sufficient, no motion having been made to make the petition more definite and certain.

Complaint is also made in the assignments of error that there is no adequate averment upon which punitive damages could be sustained. The rule is that the petition is adequate if the acts which constitute the fraud, malice, etc., upon which the claim for damages is predicated, are set out in the petition. We consider these acts adequately stated in the petition in this case. (5 Ency. of Pl. & Pr. 723.)

Error was assigned that the court did not properly instruct the jury, and disallowed some instructions offered by the plaintiff in error.

It is argued that if the plaintiff in error was honestly mistaken about the guilt of Fansler, such honest mistake precludes malice; that if Fansler was actually guilty of the offense charged against him by Ten Cate, it is immaterial how Ten Cate acted in causing his arrest and conviction, but that if Ten Cate acted maliciously, and at the same time had no reasonable cause to believe that the defendant in the criminal case was guilty, then he would be liable in the action, but not otherwise; and that if Ten Cate misunderstood the terms of the transaction between himself and Fansler, and honestly believed that Fansler was guilty of the crime with which he charged him, and that the acts and conduct of Fansler were sufficient to warrant the belief, then he would not be liable for malicious prosecution in causing the arrest.

The court charged the jury fully upon all these sub-
jects. It expressly said to the jury that they must find
that the defendant acted maliciously in causing the prose-
cution, and that the prosecution was also commenced
without probable cause; that while they might infer mal-
ice from the want of probable cause for the institution
of the criminal prosecution against the plaintiff, that if
they believed from the evidence that the prosecution was
commenced without probable cause, still, they were not
bound to infer malice from that fact; and that want of
probable cause must be made to appear from the evidence
or else the jury must find for the defendant, no matter
how maliciously the jury might find the motives of the
defendant to have been in instituting the criminal prose-
cution.

The court expressly charged the jury that, if they be-
lieved from the evidence that the defendant, before he
instituted the criminal prosecution "fully, fairly and truth-
fully stated all the facts and circumstances in relation to
the alleged crime to J. L. Brown, the then county attor-
ney, and that Brown, as such county attorney, advised him
that he had reasonable cause to institute the criminal pro-
ceedings against the plaintiff, and that the defendant, in
good faith, acted upon such advice, then the plaintiff can-
not maintain this action, whether the defendant in the
criminal prosecution was guilty or not, and the jury
should find for the defendant."

The court stated the law to the jury specifically upon
the facts in the case, as presented in behalf of the defend-
ant, Ten Cate, and also the proposition of law applicable
to the case presented by the plaintiff, and we think with
sufficient definiteness.

Thirteen other errors are alleged in the brief of the plaintiff in error, but they are stated as matters of opinion only, are stated without authority, and are treated in so light and casual a manner that they are not commended to the serious consideration of the court.

Finding no error in the record the case will therefore be affirmed.

Burford, C. J., Hainer, J., and Irwin, J., concurring; Burwell, J., dissenting.