## CITY OF CUSHING v. HIGH.

No. 9447—Opinion Filed Sept. 24, 1918.

(175 Pac. 229.)

1. Damages—Injury.

One who is injured by the wrongful act of another may recover any pecuniary loss sustained by reason of such injury.

2. Same—Injury to Property—Time.

In this jurisdiction it is well settled that where the injury complained of is susceptible of remedy or abatement by the expenditure of money or labor, that the owner is entitled to recover only such damages as has accrued on account of the impaired or lost use of his property up to the time of the suit.

3. Same—Items.

He is also generally entitled to recover compensation for discomfort, annoyance, and personal inconvenience where these are the proximate result of the defendant's wrong.

4. Waters and Water Courses—Pollution of Stream—Action for Damages — Instruction.

An instruction which told the jury that the fact that the stream in question was polluted from other sources was not any defense or excuse for the city to add thereto, nor would that fact prevent the owner from recovering any damages caused to him by its act, considered in connection with the other instructions of the case, was proper.

(Syllabus by Hooker, C.)

Error from District Court, Payne County; John P. Hickam, Judge.

Suit by N. H. High against the City of Cushing. Judgment for plaintiff, and defendant brings error. Affirmed.

J. M. Grubbs, City Atty., for plaintiff in error.

Thomas A. Higgins and Sylvester J. Berton, for defendant in error.

Opinion by HOOKER, C. High sued the city of Cushing to recover damages alleged to have been caused to him by the construction and maintenance of a septic tank in close proximity to his land, on which he resided with his family. This tank was erected in October, 1914, and for a time the filter operated successfully, but finally failed to properly perform its function, and the sewerage overflowed and polluted a stream of water which flowed through the land of the defendant in error, and rendered the same incapable of being used for feeding purposes, and the stench therefrom made the property unsuitable for a home for the

defendant and his family. and caused them much discomfort and inconvenience, for which he sued to recover damages in this action. Upon the trial, High recovered a judgment for the sum of $750 for the inconvenience and discomfort in the use of his land as a home, and the sum of $250 for the use of his said lots.

The law is well settled in this jurisdiction that where the injury complained of is susceptible of remedy or abatement by the expenditure of money or labor, that the owner is entitled to recover only such damages as have accrued on account of the impaired or lost use of his property up to the time of the suit. Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867. But one who is injured by the wrongful act of another may recover any pecuniary loss sustained by reason of such injury.

He is also generally entitled to. recover compensation for discomfort, annoyance. and personal inconvenience. where these are the proximate result of the defendant's wrong. 8 R. C. L. 480, and cases cited at note 18.

The evidence thoroughly establishes that High with his family suffered much inconvenience and unpleasantness on account of the defective condition of this septic tank. This condition continued for some time, and the jury gave to him only the sum of $750 therefor. He also recovered damages for the loss of the rental value of his property for feeding purposes for the time involved here, and inasmuch as the verdict of the jury is reasonably supported by the evidence, we cannot disturb the same.

There were a few refineries close to the property of the plaintiff below, and it was disclosed that he had sued them to recover damages for the pollution of the stream which flowed through his property. The trial court instructed the jury that the fact that said stream was polluted from other sources was not any defense or any excuse for the city to add thereto, nor would that fact prevent the owner from recovering from the city for any damages caused to him by any act of the city. 4 Cyc. 598. The petition alleges that the use of his property for a home and the use of his lots for feeding purposes had been impaired up to the date of the trial in the sum of $2,500. This court, in Mid'and Valley v. Larson, 41 Okla. 360, 138 Pac. 173. said:

"Where the petition, in an action for damages, contains sufficient statements of facts to show the court that plaintiff has sustained a detriment, and the amount thereof, and that defendant had wrongfully caused same, and that it is a detriment for which the law affords redress. such a petition states a cause of action."

And in Ten Cate v. Fansler, 10 Okla. 7, 65 Pac. 375, it is said:

"While special damages should be averred in the petition, in order to notify the defendant of the nature of the plaintiff's claims and to prevent surprise at the trial, it is not necessary in a case like the preset, where the demand sounds wholly in damages, and there is but a single cause of action, to state specifically and in separate amounts the different items which go to make up the total sum of damages. It is enough to claim so much in gross for the wrong done."

And in 8 R. C. L. 611, it is stated:

"General damages, that is, such as necessarily result from the injury complained of, need not be specially pleaded, but may be recovered under a general allegation of damage."

We find no error in this record prejudicial to the city, and the judgment of the lower court is affirmed.

By the Court: It is so ordered.