## INCORPORATED TOWN OF CHELSEA v. WILKINSON.

No. 29660.   March 4, 1941.

*111 P. 2d 180.*

H. P. Daugherty, of Chelsea, and C. B. Holtzendorff, of Claremore, for plaintiff in error.

H. Tom Kight and H. Tom Kight, Jr., both of Claremore, for defendant in error.

CORN, V. C. J.   The defendant in error, plaintiff below, recovered a verdict and judgment against the plaintiff in error, defendant below, in an action for damages resulting from the negligent operation of a sewage disposal plant, and the defendant brought this appeal for reversal of said judgment. The parties are referred to herein as they appeared in the trial court.

The issues were based upon plaintiff's allegations that he owned and operated a dairy farm consisting of 80 acres specially improved and stocked for dairying purposes; that said farm was traversed by a creek which the defendant, incorporated town of Chelsea, polluted by permitting sewage in a raw state to be emptied into said creek from septic tank located near the property line of said premises, and that such pollution of said stream rendered plaintiff's property unfit for his uses, and that in addition to the water in the creek being rendered unfit for stock water, it caused foul and noxious odors to rise which were obnoxious to the plaintiff and his family and rendered his property unfit for habi-

tation peaceably and without annoyance; that this condition could have been remedied by the defendant and the objectionable conditions removed; that such conditions and their continuance were caused by the neglect of said defendant in failing to properly look after its disposal plant and to repair the faulty conditions existing in said plant; and that by reason of the foregoing conditions the value of the property and the usable value thereof was greatly depreciated.

The defendant complains of the admission of certain evidence over its objection relating to damages claimed to have been sustained by the plaintiff by reason of a loss of market for his dairy products.

The plaintiff introduced evidence as to his average milk production, and this was objected to by the defendant as being incompetent, irrelevant, and immaterial and not within the issues raised by the pleadings. The objection was overruled. Then testimony was admitted over the objection of the defendant to the effect that plaintiff had lost his market for his dairy products on account of sanitary conditions resulting from the sewage disposal plant. To rebut this testimony the defendant showed that the plaintiff did not lose his market for his dairy products until after this suit was filed, and that the reason for the loss of his market had no connection with the sanitary conditions on plaintiff's farm. A local merchant operating a grocery and market in the town testified that he had purchased plaintiff's milk supply during the time involved in this action, and also had an agreement with plaintiff to buy his butter, but that a disagreement arose between them in regard to the price to be paid for the butter, and as a result thereof he discontinued the handling of plaintiff's products.

After this disclosure, counsel for plaintiff asked the court to instruct the jury to disregard plaintiff's testimony as to the loss of his market for his dairy products, and the trial court then instructed the jury verbally that such evidence was withdrawn from their consideration, and gave as the reason therefor that the same was not within the issues involved in the petition and answer, and further remarked that it might be a proper element for damages in a proper case, but was not within the issues in this case. The defendant contends that the remarks of counsel and of the court might have left the impression with the jury that the plaintiff had suffered loss to his dairy business on account of the sewage disposal plant, but because he had failed to set up this element of damages in his petition he could not recover for it in this action, and that the jury might have considered this element of damages in fixing the amount of recovery in the verdict.

In view of the fact that the testimony clearly shows that the plaintiff never at any time lost the sale of his products on account of sanitary conditions on his farm, we think the verdict was not influenced in the least by such remarks. In any event, we are of the opinion, from an examination of the entire record, that the defendant has not suffered an injustice by reason of such remarks, and if such comment constituted error at all, it was harmless.

The defendant challenges the sufficiency of the evidence to sustain the verdict.

The defendant asserts that no element of damages was proved by the plaintiff, unless it was from some odor, and defendant introduced testimony to show that odors coming from an old radium well in the same vicinity might have been the source of annoyance to the plaintiff.

The evidence shows that the septic tank was discharging raw sewage into the creek and that the municipality through its officers had knowledge of this fact, but took no steps to remedy the condition; that during dry seasons, when the stream ceased to flow and carry away the sewage, the odor was most offensive. During these periods the water in the creek stood in holes and became stag-

nant and unfit for livestock, and the plaintiff found it necessary to water his livestock from a well, which occasioned considerable inconvenience and detriment to the plaintiff, and in addition thereto the plaintiff suffered annoyance and discomfort from the foul and offensive odors arising from the polluted and stagnant water holes in the creek.

In the case of the City of Enid v. Brooks, 132 Okla. 60, 269 P. 241, in paragraph 2 of the syllabus, we held:

"The pollution of a stream by the discharge of sewage into it occasioned by the negligent operation and maintenance of a municipal sewer system by the officers and agents of said municipality gives a riparian proprietor injured thereby a right of action against the municipality."

And in the third paragraph of the syllabus, we further held:

"In an action against a municipality for the negligent pollution of a stream, the fact that others discharged waste and refuse into the stream would be no defense or excuse for the municipality to add thereto, nor would that fact prevent a riparian proprietor from recovering damages sustained by him, and caused by the negligence of the municipality."

Likewise, in a similar case, City of Sayre v. Rice, 132 Okla. 95, 269 P. 361, the rule of damages arising from a nuisance of this nature is stated in the second paragraph of the syllabus in the following language:

"In an action against a municipal corporation for the negligent maintenance of a sewer system, thus causing a nuisance in the near vicinity of plaintiff's home, discomfort, annoyance, and personal inconvenience caused by the offensive odors and sickness caused by disease germs from said nuisance are proper items of damage."

Where there is competent evidence in the record reasonably tending to show the existence of the nuisance complained of by the plaintiff, and showing that the same resulted from the negligent maintenance and operation by the municipality of its sewer system, and that the plaintiff suffered discomfort, annoyance, and personal inconvenience from the offensive odors arising therefrom, the verdict of the jury awarding the plaintiff damages should not be disturbed.

The other propositions submitted by the defendant are of minor importance and not controlling and need not be discussed herein.

Judgment affirmed.

WELCH, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.