Sam TOMLIN, Appellant,

v.

POPE & TALBOT, INC., Appellee.

No. 16664.

United States Court of Appeals
Ninth Circuit.

Aug. 2, 1960.

Rehearing Denied Sept. 15, 1960.

Baily, Lezak, Swink & Gates, Sidney I. Lezak, Don G. Swink, Portland, Or., for appellant.

Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellee.

Before BARNES, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

This is an action to recover damages for personal injuries. Jurisdiction in the district court rests upon diversity of citizenship. The defense was that the claim was barred by virtue of the execution of a release subsequent to the injury. Plaintiff asserted that the execution of the release is invalid because it was induced by false representations on the part of defendant's agent. The issue of the validity of the release was set down for trial as a segregated issue. The issue was tried to the court and resulted in the entry of a decree upholding the release and therefore dismissing the action.

Appealing to this court, plaintiff contends that the trial court erred in failing to grant a jury trial on the issue of the validity of the release executed by plaintiff.

No demand for a jury trial was made within ten days after the service of the last pleading directed to the issue concerning the validity of the release. The failure to make such a demand within the time indicated constituted a waiver by plaintiff of trial by jury. Rule 38 (b), (d), Federal Rules of Civil Procedure, 28 U.S.C.A.; Moore v. United States, 5 Cir., 196 F.2d 906.

It is provided in Rule 39(b), Federal Rules of Civil Procedure, supra, however, that notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues. See Roth v. Hyer, 5 Cir., 142 F.2d 227, 228.

Appellant made such a motion on January 6, 1959. This motion was considered

by the trial judge on the day of the trial. In this connection a discussion between the court and counsel for appellant took place, after which the court announced that the motion would be denied.

Indicating its reason for this ruling, the court stated that "until the Court of Appeals has ruled on it," it would follow the policy and practice of former judges of that court in treating the issue concerning the validity of the release as an equitable matter to be tried to the court. The attorney for appellant then sought further clarification as to the reason for denying the motion, and a colloquy followed which is quoted in the margin.[1] No separate order denying the motion was entered. In the findings of fact, conclusions of law and decree thereafter entered, however, it was recited that the court had refused appellant a trial of the issue by a jury.

As expressly stated in Rule 39(b), supra, the granting or denial of such a motion rests within the discretion of the court to which it is addressed. The view has been stated that as a matter of judicial administration discretion ought rarely to be exercised to grant a trial by a jury in default of a timely request for it. Mason v. British Overseas Airways Corp., D.C., 20 F.R.D. 213.

The denial of a motion made under this rule is to be sustained unless an abuse of judicial discretion is shown. See Johnson v. Gardner, 9 Cir., 179 F.2d 114, 118. For this reason appellate courts normally refuse to interfere. 5 Moore's Federal Practice, 2d ed., § 39.09, page 715.

In this case, however, appellant takes the position that the court in the exercise of its discretion would have granted the motion but for the court's view that it was without power to grant a jury trial on the issue concerning the validity of the release. Appellant then proceeds to argue that the trial court was mistaken in believing that the issue to be tried was of such a kind that a jury trial could not be had.

In our opinion the record does not support the premise on which appellant proceeds. The court did not state that it would grant the motion if it had power to do so. On the contrary, the court indicated in effect that the excuse given for a tardy jury demand was inadequate. The judge stated: "I could very well say it wasn't timely made, period." Had it done so, the denial would have to stand because no abuse of discretion has been shown. But the court went on to state that it chose to deny the motion for a different reason because a ruling might then be obtained from this court on that other reason.

We are not certain that the trial court entertained the view that it was without power to grant a jury trial in such a case. It did not categorically say so, and what it did say is open to the inference that the court simply preferred the "policy" and "practice" of the former judges. But even if the court did have this view, and assuming without deciding that it was a mistaken view, there is still no basis for reversal. This is true because, as the trial court indicated, there was another adequate ground for denying the motion.

A determination of the question upon which the trial court hoped to get a ruling of this court will have to await a case in which such a ruling is necessary to the disposition of the case. Under the

1. "Mr. Lezak: I see. I wanted this, your Honor, because of the possibility of a question existing in the record. Apparently, as I gather it, this is the essence of the reason for the Court's deciding to hear this as a court matter at the time.

"The Court: Yes. I won't stay on the fence. I could very well say it wasn't timely made, period.

"Mr. Lezak: Thank you. I certainly appreciate that.

"The Court: But I won't hide behind that. I will face the question squarely.

"Mr. Lezak: Fine. Thank you very much, your Honor.

"The Court: If it develops that it goes to the Court of Appeals, then we can get a ruling."

circumstances of the instant case, anything we might undertake to say on the question would be dictum.

Affirmed.