Mildred O. WARD, Guardian ad litem of Robert Fred Ward, a minor, and Gladys Mitchell, Appellants,

v.

Myrtle Marie BROWN, Appellee.

No. 6828.

United States Court of Appeals
Tenth Circuit.

March 23, 1962.

Elliott C. Fenton, Oklahoma City, Okl. (Edgar Fenton, Oklahoma City, Okl., on the brief), for appellants.

Howard K. Berry, Jr., Oklahoma City, Okl., for appellee.

Before HUXMAN and LEWIS, Circuit Judges, and RICE, District Judge.

HUXMAN, Circuit Judge.

This is a damage action which arose out of a collision between two automobiles upon the highways of Oklahoma. Plaintiff, the appellee here, filed a complaint against appellants in the state courts of Oklahoma. Diversity of citizenship being present, the case was removed to the United States District Court for the Western District of Oklahoma. The complaint alleged that plaintiff was a guest passenger riding in a car owned by her husband, Joe L. Brown, and being driven by him in an easterly direction along U. S. Highway 70, when she became involved in a collision with an automobile owned by defendant, Gladys Mitchell, and being driven by defendant, Robert Fred Ward, Jr., in a westerly direction along the same highway. She alleged that the collision occurred because defendants drove their automobile at an excessive rate of speed; that the speed was greater than was reasonably prudent under existing circumstances, the circumstances including a wet pavement which made it slick and slippery; that said defendants failed to keep their vehicle on their side of the road and permitted it to cross the center line into plaintiff's lane of traffic. Trial was had to the court. Judgment was rendered for the plaintiff and this appeal followed.

While ten assignments of error are urged for reversal, they may be summarized as follows:

1. There was no evidence to support the court's conclusion and judgment. 2. The court erred in permitting Kenneth Skelton, a highway patrolman, to give expert testimony. 3. The court erred in denying defendants a jury trial.

It is not correct to say that "the court specifically found that there was no negligent driving." It is true that in its general remarks from the bench, the court stated that "there wasn't any particularly careless driving." However, the court, in its remarks from the bench, also found "that the proximate cause of the accident was due to the negligence of the driver of the defendant's car; that he was driving on a mission for the other defendants in this case, among others, and that the proximate cause of the accident was his fault in skidding his car when he drove up behind these other cars ahead of him and put his brakes on, and therefore, the accident happened because of his negligence * * *." In requested finding of fact Number 7, adopted by the court, it found that plaintiff was on her proper side of the road; that the defendant's vehicle was on the wrong side of the road and that the cause of the collision was the defendant driving on the wrong side of the road. In its conclusions of law, the court held that the defendant, Robert Fred Ward, Jr., was guilty of negligence.

As in all damage cases, there is a conflict in the evidence. Some of the defendants testified that their car never left their lane of traffic and that plaintiff's car crossed over into defendants' lane of traffic where the collision occurred. The preponderance of the evidence, however, established that plaintiff's car was operated in her lane of traffic; that there were no cars ahead of her and that the driver had a clear, unobstructed view of the road. On the other hand, defendant's car was being driven behind three or four cars. The driver of defendant's car saw these cars. They seemed to be slowing down and one of them seemed to him to be backing up. At this time, he thought the cars were about 75 yards away. The road was wet and slippery from a recent rain. When the driver of defendant's car applied the brakes, the car skidded. Defendant's testimony was that it skidded to the right onto the shoulder of the road, while plaintiff's testimony was that it skidded across the road into the lane of traffic. The trial court's finding that plaintiff's vehicle was in its lane of traffic when the collision occurred; that defendant's car was in the wrong lane and "that the proximate cause of the collision was defendants' use of, and driving upon, the wrong side of the highway" finds ample support in the record.

An alternative contention is that in any event the collision was the result of an unavoidable accident. This is not an issue that was submitted to the trial court and is raised for the first time on appeal. This, appellant may not do.[1]

Complaint is made of the ruling of the court permitting Kenneth Skelton, a highway patrolman, to testify where, in his opinion, the point of the impact of the two cars took place. The patrolman qualified as an expert within the field in which expert testimony is proper. He was asked if, after concluding his investigation, he reached an opinion as to the relative position of the two cars in relation to the center line of the highway when the collision occurred. He answered that he had such an opinion. He was then asked on what he based his opinion. He replied that he based his opinion on the physical facts such as where the cars ended up, the pieces of material from the vehicles and the headlights, and from talking with the two drivers of the cars. Proper objection was made to the receipt of this testimony. What the two drivers told him was hearsay and could not be a proper foundation for opinion evidence by an expert. Neither were the remaining physical facts on which he based his opinion such as to entitle him to give an expert opinion as to where the collision occurred.[2] Had this evidence been admitted before a jury, a reversal would be required, but the rule is not the same when, as here, the trial is to the court. Aside from this evidence, there was competent evidence to sustain the court's judgment and the record shows that the trial judge attached very little weight, if any, in reaching his conclusions to this testimony by the patrolman. The court stated that from all the evidence and "independent of what the highway patrolman may have seen or observed," the evidence prepondered in favor of plaintiff. Under these circumstances, the receipt of this improper evidence in a trial before the court does not require reversal.[3]

Finally, it is contended that the trial court erred in refusing to grant a jury trial. Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that a demand for a jury must be served ten days after the service of the last pleading directed to the issues, otherwise the right to a jury trial is waived. The answer of both defendants was filed July 11, 1961. No written application for a jury trial was ever filed. It is stated that in the pretrial conference on September 8, 1960, defendant, Robert Fred Ward, Jr., a minor was granted leave to file an application for appointment of a guardian ad litem and the duly appointed guardian ad litem was granted leave to file an amended answer. In appellant's statement of facts, it is stated that counsel for defendants made an oral application to the court to file written demand for jury trial. This was denied by the court and the case was ordered set for trial before the court. An oral application for permission to file a written demand for a jury trial does not comply with the requirement of the rules for a jury trial. If the guardian's amended answer injected a new issue into the case, he had a right under the rules to file a written demand for a jury trial, otherwise the right to a jury trial was lost. It is clear from the amended answer that no new issue was injected into the case by the guardian's amended answer.

We find no reversible error.

Affirmed.

LEWIS, Circuit Judge, concurs in the result.

1. City of Enid v. Brooks, 132 Okl. 60, 269 P. 241; Small v. Shull, 190 Okl. 418, 124 P.2d 381.

2. These facts are identical with the facts in Padgett v. Buxton-Smith Mercantile Company, 10 Cir., 262 F.2d 39, where this court held that such testimony was improperly received as expert testimony.

3. 53 Am.Jur., Trial § 1125.