**E. R. CHRISTENSON d/b/a Christenson Electric Company, Appellant,**

v.

**DIVERSIFIED BUILDERS INCORPORATED et al., Appellees.**

No. 7398.

United States Court of Appeals
Tenth Circuit.

May 6, 1964.

Rehearing Denied June 15, 1964.

George W. Latimer, Salt Lake City, Utah (Keith E. Taylor, of Parsons, Behle, Evans & Latimer, Salt Lake City, Utah, on the brief), for appellant.

Elliott Lee Pratt, Salt Lake City, Utah (Ronald N. Boyce, of Clyde, Mecham & Pratt, Salt Lake City, Utah, on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This action was originally filed against the appellant, Christenson, in the state district court in Utah on October 26, 1961, by Diversified Builders Incorporated, Johnson Construction Company and Kaiser Company, acting as a joint adventure and hereinafter referred to as Diversified. The complaint contains three causes of action, each of which alleges the breach of a certain subcontract entered into by appellant and Diversified. This subcontract provides for the performance by appellant of certain electrical work involved in the construction of an Air Force Plant under prime contract between Diversified and Thiokol Chemical Corporation, Wasatch Division (Thiokol).

On November 15, 1961, appellant removed the case to the United States District Court for the District of Utah and on January 5, 1962, filed a pleading entitled "Answer, Counterclaim and Complaint for Complete Relief". It contained the following: (1) A denial of the material allegations of Diversified's complaint; (2) a counterclaim against Diversified for breach of the same subcontract; (3) a separate cause of action against the appellee surety companies based upon the alleged breach of contract by Diversified and the bond furnished by them to secure the payment of labor and material

claims in connection with the job; (4) equitable causes of action against Thiokol and the United States for foreclosure of a materialman's lien.[1]

On January 23, 1962, Diversified filed a reply to appellant's counterclaim and also answered the complaint for complete relief. On February 6, 1962, the surety companies filed an answer to the cause of action asserted against them upon the surety bond. On February 9, appellant filed a "Demand for Jury Trial" and on December 17, 1962, a "Renewed Demand for Jury Trial". In the meantime, i. e., from February 9 until December 17, various pleadings on behalf of the United States, Thiokol and appellant were filed. The case proceeded to trial before the court, without a jury, and resulted in a judgment adverse to appellant. The record does not show that the trial court entered any order denying the formal demand for a jury trial. After his motion for new trial was denied, appellant perfected this appeal.

The sole question presented is whether the trial court erred by, in effect, denying appellant's demand for a jury trial.

We start with the fundamental premise that "[t]rial by jury is a vital and cherished right, integral in our judicial system. * * *" City of Morgantown, W. Va. v. Royal Insurance Co., 337 U.S. 254, 258, 69 S.Ct. 1067, 1069, 93 L.Ed. 1347. And, "* * * as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver. * * *" Aetna In-surance Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177.

The procedural aspects of the right to trial by jury in the federal courts are governed by Rule 38, F.R.Civ. P., 28 U.S.C.A., which preserves to the parties "inviolate" the right to a jury trial as declared by the Seventh Amendment or given by the statutes of the United States.[2] It has long been held under Rule 38 that there is an automatic waiver of the right to a trial by jury unless a timely demand therefor is made, i. e., not later than 10 days after service of the last pleading relating to the issue involved. See United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582; Ward v. Brown, 10 Cir., 301 F.2d 445; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, cert. denied, 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642; Tomlin v. Pope & Talbot, Inc., 9 Cir., 282 F.2d 447; McNabb v. Kansas City Life Ins. Co., 8 Cir., 139 F.2d 591; Roth v. Hyer, 5 Cir., 142 F.2d 227, cert. denied, 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573; Goldblatt v. Inch, 2 Cir., 203 F.2d 79; Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173; Rodenbur v. Kaufmann, D.C.Cir., 320 F.2d 679; May v. Melvin, 78 U.S.App.D.C. 368, 141 F.2d 22; 5 Moore's Federal Practice (2nd Ed.), § 38.43, pp. 332–338. And, where there are multiple parties in the suit, the right may be waived as to some and not as to others. Thus, Professor Moore says: "Where there are plural plaintiffs or plural defendants, it may happen that

1. The surety companies, the United States and Thiokol were made parties to the action at appellant's request. The causes of action against the United States and Thiokol were dismissed on January 7, 1963, and they are no longer in this case. We are, therefore, not confronted with the common problems arising when legal and equitable claims for relief are asserted in one action such as were involved in Simler v. Conner, 372 U.S. 221, 83 S. Ct. 609, 9 L.Ed.2d 691 and Meeker v. Ambassador Oil Corp., 375 U.S. 160, 84 S.Ct. 273, 11 L.Ed.2d 261.

2. Rule 38(b) and (d) provides:
"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."
"The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

a demand for jury trial will be timely as to some, and untimely as to other litigants. * * * " 5 Moore's Federal Practice (2nd Ed.), § 38.39[2], p. 318. In the case of McKnight v. Mutual Broadcasting System, 14 F.R.D. 174 (S.D.N.Y. 1953), the court held that, while a demand for jury trial was timely as to some of the defendants, it was not timely as to other defendants; but, that in the exercise of the discretion authorized by Rule 39(b), F.R.Civ.P., a jury trial would be granted as to all of the defendants.

The significant point in this case is that two separate and independent causes of action are asserted by Christenson—one by way of counterclaim against Diversified for breach of the subcontract and one against the Sureties on their bond. It is true that as a general rule the surety's obligation is primary and original as well as direct. 72 C.J.S., Principal and Surety, § 87, p. 567. But, a creditor's right to proceed against the surety exists independently of his right to proceed against the principal. 72 C. J.S., Principal and Surety, §§ 245, 249, pp. 699–700; 50 Am.Jur., Suretyship, § 172, p. 1017. Accordingly, the last pleading required in this case as to the counterclaim against Diversified was the reply thereto. See 5 Moore's Federal Practice (2nd Ed.), § 38.39[2], pp. 314–319.

In applying those rules to the facts of this case, we find that the reply by Diversified to appellant's counterclaim was filed on January 23, 1962, and appellant's demand for jury trial was filed more than 10 days later. Thus, the demand for jury trial was not timely as to the claim asserted in the counterclaim against Diversified and Christenson was therefore not entitled to a jury trial on this issue as a matter of right. As to the issue raised by the pleadings between appellant and the surety companies upon that separate cause of action, the jury demand was timely filed. However, one of the essential ingredients of appellant's cause of action upon the bond against the surety companies is proof of a breach of contract by the principal. That ele-

ment of the cause of action has now been adjudicated in the cause between Diversified and Christenson and cannot now be relitigated.

Affirmed.