Emmett F. SEITZ, as Ancillary Administrator of the Estate of Darrell Joe Seitz, Plaintiff,

v.

Allard A. HAMMOND, Defendant.

Civ. A. No. 8188.

United States District Court
E. D. South Carolina,
Florence Division.

Aug. 26, 1964.

Arthur G. Howe, Charleston, S. C., for plaintiff.

C. Dexter Powers, Florence, S. C., for defendant.

HEMPHILL, Chief Judge.

Defendant moves for transfer of this cause from the non-jury calendar in the Florence Division, United States District Court, Eastern District of South Carolina, under authority of Rule 39(b), Federal Rules of Civil Procedure. Agreement between counsel was followed by hearing on submitted affidavits.

The action, for alleged wrongful death, was commenced in the Charleston Division in November of 1963, issues were joined by the filing of Answer on December 12, 1963. At that time motion for change of venue was noticed, to remove from Charleston Division to Florence Division, which motion was granted in January, 1964. No party made demand for trial by jury under Rule 38.

The right to trial by jury has ancient origins in Anglo-Saxon jurisprudence. To Blackstone it was "The glory of the English law" and "the most transcendent privilege which any subject can enjoy." [1] Nevertheless, the Rules provide that this valuable right can be waived, and the matter becomes one of discretion for the Court.[2] However, this discretion should not be loosely used or applied, because it could so easily take on the character of arbitrariness. Accordingly, a party should not be relieved of his waiver of trial by jury "unless there are special circumstances excusing the failure to make a timely demand." [3] The Court finds that such "special circumstances" do not exist here so as to relieve movant of his waiver.

The motion is denied.

And it is so ordered.

1. 3 Bl.Comm. 379.

2. See, e. g., Tomlin v. Pope & Talbot, Inc., 282 F.2d 447, 448 (9th Cir. 1960).

3. Wright on Federal Courts (1963), 356.