**Primitivo Marrero MARRERO,**
**Plaintiff,**

**v.**

**CONTINENTAL CASUALTY COMPANY,** Westchester Fire Insurance Co., and Victor J. Salgado & Associates, Inc., Defendants.

**Civ. No. 175–69.**

United States District Court
D. Puerto Rico.

Dec. 9, 1969.

A. J. Amadeo Murga, for Martín, Amadeo & Benet, Santurce, P. R., for plaintiff.

José M. Biaggi, for González Jr., González Oliver & Morán, San Juan, P. R., for defendant Westchester Fire Ins. Co.

Antonio Montalvo, for Segurola and Montalvo, San Juan, P. R., for defendants Continental Casualty Co. and Victor J. Salgado & Associates.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

This cause came on for hearing on October 3, 1969, on plaintiff's motion requesting rehearing on this Court's denial of his petition of trial by jury in this case.

Plaintiff filed his petition of trial by jury on April 21, 1969, forty two days after defendant Westchester Fire Insurance Company filed its petition for removal from the courts of the Commonwealth of Puerto Rico. Rule 38 of the Federal Rules of Civil Procedure commands the party demanding trial by jury to file his request within a 10-day period after the service of the last pleading directed to such issue and Rule 81(c) provides that, in removed actions, the plaintiff has to demand trial by jury within ten days after the petition for removal is filed. Both rules provide that the failure of a party to make demand as directed constitutes a waiver by him of trial by jury. In this case plaintiff waived his right to trial by jury since he failed to request it within the prescribed period.

On his motion requesting rehearing, Plaintiff interprets the following 1963 addition to Rule 81(c) as an exception to the principle stated hereinabove:

A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury.

The rule was amended to:

(i) adopt the reasoning of the cases which hold that, where an affirmative demand for jury trial has been made prior to removal in the state court, this satisfies the requirement for demanding a jury; and,

(ii) avoid unintended waivers of jury trial. (See Advisory Committee's Note of 1963; 7 Moore's Federal Practice Supp. p. 139).

However, the amendment is not applicable to cases removed from jurisdictions, such as the Commonwealth of Puerto Rico, in which there is no right to trial by jury in civil actions. In these jurisdictions there is no possibility of a demand since there is no right to be demanded. In cases removed therefrom the right to trial by jury is granted by reason of the removal to the United States District Court and, therefore, has to be asserted accordingly.

The necessity for a demand after removal is obviated only where the case automatically would have been set for jury trial in the court from which removed, without the necessity for any action on the part of the party desiring jury trial. Segal v. American Casualty Company of Reading, Pa., 250 F.Supp. 936 (D.C.1966); McRae v. Arabian American Oil Co., 34 F.R.D. 513 (D.C. 1964).

The withdrawal of a waiver of jury trial rests on the sound discretion of this Court (see Annotation in 64

A.L.R.2d 506 and cases cited therein). In exercising its discretion, this Court has weighed the following factors:

1. time elapsed from the removal to the demand of jury trial;
2. the issues to be tried in the case;
3. the congestion of the docket;
4. the possibility of prejudice resulting from a trial without jury; and
5. the expenses to be incurred by the parties.

The Court finds that the facts surrounding these factors do not warrant the withdrawal requested. A party should not be relieved of a waiver of jury trial in absence of special circumstances excusing failure to make a timely demand of trial by jury. Seitz v. Hammond, 35 F.R.D. 567 (D.C.) We fail to find those special circumstances in this case. Therefore, it is

Ordered that plaintiff's petition for a withdrawal of his waiver of his right to trial by jury be denied.

It is so ordered.