**Manuel VIDAL and Haydee Yordan, Plaintiffs,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

Civ. No. 86–0281 HL.

United States District Court, D. Puerto Rico.

June 3, 1986.

Jorge P. Sala, Ponce, P.R., for plaintiffs.

Carlos E. Jiménez, O'Neill & Borges, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs, Manuel Vidal and Haydee Yordán, citizens of the Commonwealth of Puerto Rico, filed a claim for age discrimination under Puerto Rico's Law 100, 29 L.P.R.A. sect. 146, in the Superior Court of Puerto Rico against defendant, American Airlines, Inc., a company incorporated in the state of Delaware with its principal place of business in Dallas-Fort Worth, Texas. Defendant removed this action to this Court pursuant to 28 U.S.C. sect. 1441. Subsequent to the removal plaintiffs filed a request for a jury trial. Defendant opposed the request on the grounds that it was untimely made.

Defendant filed a Petition for Removal from the Ponce Superior Court to this Court on February 27, 1986. At the time of removal defendant had not filed an answer to plaintiffs' complaint nor any other pleading. Following the removal, plaintiffs motioned this Court to remand the claim to the Superior Court. The motion was denied on April 22, 1986. On May 1, 1986 plaintiffs requested a jury trial. On May 5, 1986, after having been granted several extensions of time, defendant answered plaintiffs' complaint. That same day defendant filed a brief in opposition to plaintiffs' request for a jury.

The time deadline for filing a jury request in a removal case is governed by F.R.Civ.P. 81(c), which states in pertinent part:

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition ... Failure of a party

to demand as directed constitutes a waiver by him of trial by jury.

Defendant argues that plaintiffs waived their right to trial by jury by failing to file the demand within 10 days of being served with the removal petition.

In support of this argument defendant cites *Marrero v. Continental Casualty Co.*, 48 F.R.D. 394 (D.P.R.1969). *Marrero* states that in removal actions, Rule 81(c) requires plaintiff "to demand trial by jury within 10 days after the petition for removal is filed." *Id.* at 395. We find this statement of Rule 81(c) to be incomplete and, therefore, inaccurate.

■ The language of Rule 81(c) plainly states that the 10 day time limit is applicable *only* if "at the time of removal all necessary pleadings have been served." As the Rule has been interpreted by reliable sources, in situations where necessary pleadings have not been filed as of the date of removal, the time in which to demand a jury is governed by F.R.Civ.P. 38. Wright & Miller, *Federal Practice and Procedure*, sect. 2319; *Bonney v. Canadian National Railway Co.*, 100 F.R.D. 388, 390–393 (D.Maine 1983). Rule 38(b) provides:

> Any party may demand a trial by jury ... by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pending pleading directed to such issue.

■ In this action the necessary pleadings had not been filed as of February 27, 1986, the date on which the case was removed; defendant had not filed an answer to the complaint nor any other pleading. For this reason plaintiffs' right to a trial by jury is governed by Rule 38. Under Rule 38 plaintiffs had the right to request a jury any time between the commencement of the action and ten days after service of the last pending pleading. The last pleading pending in this action was an answer by defendant to the charges raised in plaintiffs' complaint. Since plaintiffs filed a demand for jury trial five days prior to the date on which defendant filed its answer,

we find that plaintiffs did not waive their right to a jury, but made a valid request under Rule 81(c) and Rule 38.

Defendant's motion in opposition to plaintiffs' request for jury is hereby DENIED.

IT IS SO ORDERED.