Franklin R. FÉLIX–HERNÁNDEZ,
Plaintiff

v.

AMERICAN AIRLINES, INC.,
et al., Defendants.

Civil No. 07–1882 (JP).

United States District Court,
D. Puerto Rico.

Dec. 3, 2007.

Ingrid M. Rodríguez–Ramírez, Esq., Ondina Law Office, Guaynabo, PR, Raphael Peña–Ramón, Esq., Pena–Ramón & Co., San Juan, PR, for Plaintiff.

Diego A. Ramos, Esq., Ghia M. Pieraldi–Vassallo, Esq., Roberto A. Cámara–Fuertes, Esq., Fiddler, González & Rodríguez, San Juan, PR, for Defendants.

## OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court is Plaintiff Franklin R. Félix–Hernández's motion for leave to file an amended complaint (**No. 5**). The instant case was removed from the Puerto Rico Court of First Instance, Carolina Part, by Defendant American Airlines, Inc. ("American") on September 21, 2007. Defendant American objects to Plaintiff's filing of an amended complaint insomuch as Plaintiff purports to improperly reinstate a demand for a jury trial. For the reasons stated herein, Plaintiff's motion is **GRANTED.**

Local Rule 38 of the United States District Court for the District of Puerto Rico states as follows: "[a] demand for jury trial in actions removed to this Court from the General Court of Justice of the Commonwealth of Puerto Rico shall be filed in accordance with the provisions of Fed.R.Civ.P. 81(c)." Rule 81(c) states in pertinent part:

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after

the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. . . . The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed.R.Civ.P. 81(c). Finally, Rule 38 of the Federal Rules of Civil Procedure is also instructive, and states that a request for jury trial must be made "not later than 10 days after the service of the last pleading directed to such issue" if not all pleadings have been made.[1] Fed.R.Civ.P. 38(b)(1). The parties agree that the last pleading directed to an issue was the answer to the complaint filed by the Puerto Rico Port Authority, no longer a party hereto, on September 11, 2007. Rule 38(d) states that failure to serve and file a demand as set forth above "constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d).

In the case at bar, Defendant American argues that, because all pleadings had been filed by the time American removed the case from state court, Plaintiff had ten days from the notice of removal to move for a jury trial. American filed its notice of removal on September 21, 2007. In said notice, American certified that on that same date, it sent by regular mail a copy of the notice to counsel for the Plaintiff. As such, American argues that Plaintiff had until October 9, 2007, to request a jury. Notwithstanding, Plaintiff's first demand for a jury trial was submitted on October 16, 2007. Thus, American argues that Plaintiff's failure to timely request a jury trial waived the right.

In response, Plaintiff states that he was originally represented by an attorney who is not admitted to practice before the Federal Court. That attorney referred the instant case to the present attorney, a solo practitioner who is admitted to practice before this Court, immediately upon receiving the notice of removal. Accordingly, Plaintiff argues that this Court should exercise its discretion to excuse his slight tardiness in filing the jury demand.

 The Court elects to exercise its discretion and grant Plaintiff's motion to file an amended complaint, including a demand for a trial by jury. The withdrawal of a waiver of jury trial rests on the sound discretion of this Court. *Marrero v. Continental Casualty Co.*, 48 F.R.D. 394, 395–96 (D.P.R.1969). In exercising its discretion, the Court may consider the time elapsed from the removal to the demand of jury trial. *Id.* The Court will use its discretion and allow a jury trial here for two reasons. First, as stated above, Plaintiff was required to find new counsel upon the notice of removal given the fact that his prior attorney was not admitted to practice before this Court. The transition was made almost instantaneously, as current counsel filed a notice of appearance approximately two weeks later. Second, Rule 6(e) of the Federal Rules of Civil Procedure states that when a party is served by mail, for purposes of computing any period of time, three extra days are added "after the prescribed period would otherwise expire." Fed.R.Civ.P. 6(e). Thus, Plaintiff's demand for jury trial was actually due by October 12, 2007. Though Plaintiff did not submit said jury demand until October 16, 2007, the Court holds that Plaintiff's tardiness will not unfairly prejudice Defendant American, and is fair and just in light of the circumstances.

**IT IS SO ORDERED.**

---

1. The term "pleading" refers generally to a complaint and answer, and a reply to a counterclaim, third-party complaint and third-party answer, if applicable. Fed.R.Civ.P. 7(a).